UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT,

       Plaintiff,                                 No. 15-14465

v.                                           District Judge Matthew F. Leitman
                                                Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

       Defendants.
_____/

**ORDER**

      Plaintiff Carl Bennett, who originally filed his complaint *pro se*, has now obtained counsel, who has moved to file an amended complaint [Doc. #28]. In his motion, Plaintiff has alluded to new claims of action, including an action for medical malpractice, in addition the claims under the Americans with Disabilities Act, the Rehabilitation Act, the Michigan Persons with Disabilities Civil Rights Act, and a state law claim for Intentional Infliction of Emotional Distress. As this Court ordered on November 2, 2016, Plaintiff has filed a proposed amended complaint for this Court's review [Doc. #34].

      Plaintiff's original *pro se* complaint was, with attachments, over 100 pages. The proposed amended complaint, filed through counsel, is considerably streamlined at 19 pages. Of course, length or brevity is not the determining factor in deciding whether to permit an amended complaint to be filed. Nevertheless F.R.Civ.P. 15(a) instructs that requests to amend are to be liberally granted.

      The Defendant Jackson Allegiance Hospital (actually Henry Ford Allegiance Health) contends that the motion should be denied a futile, arguing among other factors

that the state law medical malpractice claim is time-barred, and that the Plaintiff did not file a timely Notice of Intent as required by M.C.L. § 2912b.

My review of the proposed amended complaint [Doc. #34] shows that for pleading purposes, it both factually and legally meets the plausibility standard of *Ashcroft v. Iqbal*, 556 U.S. 662 (2009). Moreover, questions regarding fact-based affirmative defenses such as of statute of limitations are better addressed following full briefing, and possibly following some discovery. For example, there may be a factual or legal question as to when the statute began to run.[1] I also note that in the proposed amended complaint, Plaintiff states that he did serve a Notice of Intent, although it is unclear when he did so.

Therefore, Plaintiff's motion to amend his complaint [Doc. #28] is GRANTED. The proposed amended complaint filed on December 2, 2016 [Doc. #34] shall suffice as the first amended complaint, and the time for Defendants to respond will run from the date of this Order.

IT IS SO ORDERED.

                            s/R. Steven Whalen
                            R. STEVEN WHALEN
                            United States Magistrate Judge

Dated: December 5, 2016

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on December 5, 2016, electronically and/or by U.S. mail.

                            s/Carolyn M. Ciesla
                            Case Manager

---

[1] I do not suggest that Defendants are precluded from filing a motion to dismiss the amended complaint.