UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT,

       Plaintiff,　　　　　　　　　　　　No. 15-14465

v.　　　　　　　　　　　　　　　　　　District Judge Matthew F. Leitman
　　　　　　　　　　　　　　　　　　　Magistrate Judge R. Steven Whalen

MICHIGAN DEPT. OF CORRECTIONS,
ET AL.,

       Defendants.
_____/

**REPORT AND RECOMMENDATION**

      On December 24, 2015, Plaintiff Carl Bennett, a prison inmate in the custody of the Michigan Department of Corrections ("MDOC"), filed a *pro se* civil complaint in this Court. Counsel later filed an appearance on behalf of Plaintiff, and the Court granted Plaintiff's motion to amend his complaint [Doc. #35]. The amended complaint is found at Doc. #34. On July 21, 2017, Defendant Mahender Macha, M.D. filed a motion to dismiss the amended complaint [Doc. #49], which has been referred for a Report and Recommendation under 28 U.S.C. § 636(b)(1)(B). For the reasons discussed below, I recommend that the motion be GRANTED and that Defendant Macha be DISMISSED WITH PREJUDICE.

## I.  FACTS

(*On September 13, 2017, I filed a Report and Recommendation ("R&R"), recommending that the medical malpractice claim against Defendant Jackson Allegiance Hospital be dismissed on the basis of the statute of limitations [Doc. #57]. The facts and analyses in that R&R are equally applicable to the present motion, and therefore much of the previous R&R will be incorporated verbatim herein*).

Following his sentencing, Plaintiff entered the custody of the MDOC in December of 2013, initially going through a medical quarantine process. *Amended Complaint* [Doc. #34], ¶¶ 12-13. He alleges that the MDOC received a report from the Ostego County Sheriff's Department detailing his medical history, which included a history of hypertension and cardiac disease. *Id*. ¶ 14. He states that despite a recommendation that he be placed on a lower level unit to avoid the use of stairs, he was placed on an upper level, requiring him to use stairs. Approximately 12 days later, he suffered a heart attack. *Id*. ¶ 17. He was taken to Jackson Allegiance Hospital, where he was revived. *Id*. ¶ 21. Before undergoing heart surgery, he contracted pneumonia. Jackson Allegiance Hospital performed "only a single graft surgery" on Plaintiff, opining that additional treatment could not be performed because Plaintiff had contracted pneumonia. *Id*. ¶ 26.

Defendant Dr. Macha was apparently on staff at Jackson Allegiance Hospital. Plaintiff alleges that "[i]n approximately December of 2013, [he] submitted to the care and treatment of Defendants Allegiance Jackson Hospital, and Doctor Mahender

Macha...." *Id.* ¶ 88. He alleges that Dr. Macha committed "acts and omissions of negligence and malpractice," specified in ¶ 89 of the Amended Complaint. Eventually, Plaintiff was discharged to Duane Waters Hospital[1], an MDOC facility. *Id.* ¶ 27.

Approximately two months after his initial surgery, Plaintiff experienced recurring chest pain, and was sent to Jackson Allegiance for cardiac catheterization. *Id.* ¶¶ 42-43. He alleges that medical staff at Jackson Allegiance declined to perform a "redo" surgery, but offered him this treatment at a different facility. In approximately July of 2014, about six months after the initial surgery, Plaintiff was admitted to McLaren Hospital in Lansing, Michigan. *Id.* ¶¶ 44-45. McClaren Hospital staff identified a number of unsuccessful aspects of the previous surgery at Jackson Allegiance, and informed Plaintiff that the initial surgery had to be re-done, or otherwise Plaintiff would have only 30 days to live. *Id.* ¶¶ 47-48. McClaren staff added three additional grafts. Plaintiff alleges that following the McClaren surgery, he continued to have problems obtaining his medications in a timely manner. *Id.* ¶¶ 49-50.

Plaintiff brings two State law claims against Dr. Macha: Count V (medical malpractice) and Count VI (negligent infliction of emotional distress). As to the medical malpractice claim, Defendant argues that this Court does not have a sufficient basis to exercise supplemental jurisdiction. In addition, Defendant argues that the Plaintiff did

---

[1] The amended complaint misspells Duane Waters as "Duane Walters." I will use the correct spelling in this Report and Recommendation.

not comply with the Michigan statutory scheme regarding the filing of a Notice of Intent no sooner than 182 days before filing the complaint, and the filing of an Affidavit of Merit with the complaint. Defendant also argues that the medical malpractice claim is time-barred. Defendant argues that the claim of negligent infliction of emotional distress is not a recognized cause of action under Michigan law.

Facts pertinent to the issue of the Plaintiff's compliance with Michigan's statutory scheme for medical malpractice cases will be set forth in Section III (Discussion) below.

## II. STANDARD OF REVIEW

Defendant Macha bases his motion to dismiss on Fed.R.Civ.P. 12(b)(6). That Rule provides that such motion "must be made before pleading if a responsive pleading is allowed." Dr. Macha filed an answer to the amended complaint of May 24, 2017 [Doc. #48], approximately two months before filing the amended motion. However, even though the time had passed for filing a Rule 12(b)(6) motion, this Court can properly construe this motion as a Rule 12(c) motion for judgment on the pleadings.[2] In *Wagner v. Higgins*, 754 F.2d 186, 188 (6th Cir. 1985), the Sixth Circuit held that the mischaracterization of a motion to dismiss is "not fatal where the substance of the motion is plain":

> "From an examination of the district court files, it is apparent that the motion actually made by the defendants was for judgment on the pleadings

---

[2] Rule 12 (c) provides, "After the pleadings are closed–but early enough not to delay trial–a party may move for judgment on the pleadings."

> under Federal Rule of Civil Procedure 12(c), although the motion improperly referred to Rule 12(b)(6). We believe that such an incorrect reference to the Rules is not fatal where the substance of the motion is plain. Rule 12(c) provides that '[a]fter the pleadings are closed but within such time as not to delay the trial, any party may move for judgment on the pleadings,' Fed.R.Civ.P. 12(c). Further, Federal Rule of Civil Procedure 56(a) provides that a motion for summary judgment may be made 'at any time after the expiration of 20 days from the commencement of the action or after service of a motion for summary judgment by the adverse party.' Thus, we conclude that the motion, however styled, was properly addressed. No surprise or other prejudice to the plaintiff was claimed either at the time or now in his briefs. We, therefore, proceed to the merits." *Id*. at 188.

In this case, the only prejudice that Plaintiff claims is the necessity of filing a response to the motion to dismiss. That is an insufficient basis to deny this motion on procedural grounds. The basis of the motion is clear, it has been filed only two months after Plaintiff filed an answer, and there will be no other significant delays. Therefore, the Court may proceed to consider the merits under Rule 12(c).

A motion for judgment on the pleadings pursuant to Fed.R.Civ.P. 12(c) of the Federal Rules of Civil Procedure is subject to the same standards of review as a Rule 12(b)(6) motion to dismiss for failure to state a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998). Fed.R.Civ.P. 12(b)(6) provides for dismissal of a complaint "for failure of the pleading to state a claim upon which relief can be granted." Rule 12(b) also provides that if, on consideration of a motion under paragraph (6), "matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56 (summary judgment)." " In assessing a Rule 12(b)(6) motion, the

court accepts the plaintiff's factual allegations as true, and asks whether, as a matter of law, the plaintiff is entitled to legal relief. *Rippy v. Hattaway,* 270 F.3d 416, 419 (6th Cir. 2001).

In assessing the legal sufficiency of a complaint, the court must first determine whether a complaint contains factual allegations, as opposed to legal conclusions. *Ashcroft v. Iqbal,* 556 U.S.662, 129 S.Ct. 1937, 173 L.Ed.2d 868 (2009). "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*, 556 U.S. at 676 (citing *Bell Atlantic Corp. v. Twombley*, 550 U.S 544, 555, 127 S.Ct. 1955, 1964-1965, 167 L.Ed.2d 929 (2007)). Second, the facts that are pled must show a "plausible" claim for relief, which the Court described as follows:

> "Determining whether a complaint states a plausible claim for relief will, as the Court of Appeals observed, be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense. But where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not shown–that the pleader is entitled to relief."

### III. DISCUSSION

#### A. Medical Malpractice Claim (Count V)

The statute of limitations for medical malpractice in Michigan is two years. M.C.L § 600.5805.[3] The claim "accrues at the time of the act or omission that is the basis for the

---

[3] Because the statute of limitations issue is dispositive of this motion, I find it unnecessary to address Defendant's alternative arguments for dismissal of the medical malpractice claim.

claim of medical malpractice, regardless of the time the plaintiff discovers or otherwise has knowledge of the claim." M.C.L. § 5838a(1). In this case, Plaintiff alleges that Dr. Macha began treating him "[i]n approximately December of 2013." *Amended Complaint*, ¶ 88. He also alleges that the surgery that forms the basis of his complaint was done in early January, 2014. Taking January as the date of the alleged acts of malpractice, and absent any tolling, the statute of limitations would have expired in January, 2016. Plaintiff filed his initial *pro se* complaint on December 24, 2015, which would have been around two to three weeks before the statute of limitations expired.[4] While the body of his *pro se* complaint did not explicitly set forth a State law medical malpractice claim, Plaintiff attached a "Notice of Intent" that states:[5]

> "NOW COMES THE Plaintiff, Carl Bennett, under MCR 2.002 intends to seek damages from the defendants in this matter for the *negligent care* provided to plaintiff during his incarceration and medical care when he suffered a heart attack and was in the care of said medical provider.
>
> "WHEREAS, this Plaintiff intends to file this complaint in state court for damages he suffered as a result of there '*Negligent Action*" in this matter and prays that said court will grant relief in this matter." (Emphasis added).

Plaintiff's Notice of Intent continues, at Pg. ID 32:

> "This 'Notice of Intent' by Mr. Carl Bennett, is to be consider[ed] predatory

---

[4] Defendant Jackson Allegiance Hospital represented that the surgery occurred around January 2, 2014. Medical records attached to Plaintiff's original *pro se* complaint note his discharge from Jackson Allegiance on January 15, 2014, which would necessarily have been after the surgery.

[5] Plaintiff has submitted the Notice of Intent as Exhibit A to his response [Doc. #58].

[*sic* prefatory] action to this plaintiff['s] intent of filing a 'Formal Complaint' and to seek an unspecified amount in damages do [*sic* due] to *the negligent action on the part of the Michigan Department of Corrections and the Jackson Allegiance Hospital*...." (Emphasis added).

Under M.C.L § 600.2912b(1), a plaintiff may not commence a medical malpractice action unless written notice is provided to the defendant no less than 182 days in advance of filing the complaint. In addition, M.C.L. § 600.2912b(4) sets forth the mandatory contents of the Notice of Intent:

> "(4) The notice given to a health professional or health facility under this section shall contain a statement of at least all of the following:
>
> (a) The factual basis for the claim.
>
> (b) The applicable standard of practice or care alleged by the claimant.
>
> (c) The manner in which it is claimed that the applicable standard of practice or care was breached by the health professional or health facility.
>
> (d) The alleged action that should have been taken to achieve compliance with the alleged standard of practice or care.
>
> (e) The manner in which it is alleged the breach of the standard of practice or care was the proximate cause of the injury claimed in the notice.
>
> (f) The names of all health professionals and health facilities the claimant is notifying under this section in relation to the claim."

Under M.C.L. § 600.5856(c), the statute of limitations is tolled if there are fewer than 182 days remaining within the limitations period, and a statutory notice is properly given:

> "The statutes of limitations or repose are tolled in any of the following circumstances:

> (c) At the time notice is given in compliance with the applicable notice period under section 2912b, if during that period a claim would be barred by the statute of limitations or repose; but in this case, the statute is tolled not longer than the number of days equal to the number of days remaining in the applicable notice period after the date notice is given."

While this "provision could have been written more clearly," the "preferred construction is that the limitation period is tolled for the full one-hundred eighty-two days." *Omelenchuk v. City of Warren*, 461 Mich. 567, 574-575, 609 N.W.2d 177 (2000), *rev'd on other grounds*, *Waltz v. Wyse*, 469 Mich. 642, 677 N.W.2d 813 (2004). *See also Mayberry v. Gen. Orthopedics, P.C.*, 474 Mich. 1, 5, 704 N.W.2d 69, 72 (2005)("As we have previously explained, if the mandatory notice of intent to sue is given in such a manner that the period of limitations would expire during the 182-day notice period, § 5856(d) [now § 5856(c)] operates to toll the limitations period for 182 days from the date notice is given"); *Downs v. Keebler*, 2006 WL 3422546, *13 (Mich. Ct. App. 2006)("Even if plaintiff's notices of intent complied with MCL 600.2912b, these notices only tolled the statute of limitations for 182 days....").

In *Bush v. Shabahang*, 484 Mich. 156, 772 N.W.2d 272 (2009), the Court held that under § 5856(c), as amended in 2004, if a Notice of Intent is filed "in compliance with the applicable notice period under section 2912b" (i.e., not less than 182 days before filing the complaint), the statute of limitations is tolled even if there are substantive defects in the NOI. *Id.*, 484 Mich. at 169-170. The Court found that M.C.L. § 600.2301 "allows for curing of certain defects in any 'process, pleading or proceeding,'" and is applicable to

-9-

content-based defects in a Notice of Intent under § 2912b(4).[6] The Court held that the § 2301 provision that a cure be "in the interests of justice" "is satisfied when a party makes a good-faith attempt to comply *with the content requirements of § 2912b*." (Emphasis added). However, because § 5856(c) specifically requires that the Notice of Intent be given "in compliance with the applicable notice period under section 2912b," a defect in the *timing* requirement of § 2912b will not toll the statute of limitations. *See DeCosta v. Gossage*, 486 Mich. 116, 118, 782 N.W.2d 734, 735 (2010)("MCL 600.5856(c) makes clear that whether tolling applies is determined by the timeliness of the NOI.").

A plaintiff bears the burden of showing compliance with § 2912b, and therefore to also establish entitlement to the tolling provision of M.C.L. § 5856(c). *Roberts v. Mecosta County Hosp.*, 470 Mich. 679, 691, 684 N.W.2d 711 (2004).

Both Plaintiff's original *pro se* complaint and the Notice of Intent misspelled this Defendant's name as "Dr. Mocha." Giving Plaintiff the benefit of the doubt that he did in fact name Dr. Macha in the Notice of Intent, it is nevertheless clear that the content of the Notice is substantively deficient under M.C.L. § 600.2912b(4), specifically with regard to

---

[6] M.C.L. § 600.2301 states:

"The court in which any action or proceeding is pending, has power to amend any process, pleading or proceeding in such action or proceeding, either in form or substance, for the furtherance of justice, on such terms as are just, at any time before judgment rendered therein. The court at every stage of the action or proceeding shall disregard any error or defect in the proceedings which do not affect the substantial rights of the parties."

the standard of care and the manner in which Dr. Macha breached the standard of care. But, I will accept, for purposes of this discussion, that Plaintiff did make a good faith attempt at substantive compliance with that subsection, and that therefore the statute of limitations was tolled on December 24, 2015, when he filed his Notice of Intent as part of his *pro se* complaint.[7]  *Bush v. Shabahang*, 484 Mich. at 170, 772 N.W.2d at 281. Under M.C.L. § 600.5856(c), as construed in *Omelenchuk* and *Mayberry*, the statute was tolled only for a period of 182 days. This brings us to July 1, 2016. Assuming that the latest date of Plaintiff's surgery was January 14, 2014, *see* fn. 4, above, and that without tolling the statute of limitations would have run on January 14, 2016, there were 21 days left on the statutory period on July 1, 2016. Plaintiff should have therefore re-filed his complaint no later than July 22, 2016. He did not do so until December 2, 2016, well beyond the expiration of the statute of limitations. Accepting Plaintiff's position that he did not bring a malpractice claim in December of 2015, but merely filed a Notice of Intent at that time, his claim must be dismissed as time-barred.

---

[7] If, on the other hand, Plaintiff's December 24, 2015 *pro se* complaint did assert a medical malpractice claim against Dr. Macha, then the Notice of Intent that was filed along with that complaint was clearly non-compliant with the 182-day notice requirement of M.C.L § 600.2912b(1), and thus dismissible. Moreover, that Notice would not toll the statute of limitations, which would then have run in January of 2016. *Bush v. Shabahang; DeCosta v. Gossage*.

Plaintiff's reliance on the "interests of justice" provisions of M.C.L. § 600.2301 and *Bush v. Shabahang* is unavailing. Again, those provisions provide some forgiveness for substantive, or content-based deficiencies in a Notice of Intent, but not for violations of the notice provisions §2912b.

Plaintiff also argues that Defendant failed to respond to respond to his request for medical records, interfering with his ability to file an Affidavit of Merit with his complaint. The requirement of an Affidavit of Merit is set forth in M.C.L § 600.2912d. Under subsection 2912d(1), an affidavit of merit signed by a health professional must be filed with the complaint. Subsection 2912d(3) provides that "[i]f the defendant in an action alleging medical malpractice fails to allow access to medical records within the time period set forth in section 2912b(6), the affidavit required under subsection (1) may be filed within 91 days after the filing of the complaint." Even if the parties dispute whether Plaintiff properly requested, or Dr. Macha in fact provided Plaintiff's medical records, it is not necessary to resolve that dispute because the medical malpractice claim itself is time-barred, without reference to any issues surrounding § 600.2912d.

### B.  Negligent Infliction of Emotional Distress (Count VI)

In Michigan, negligent infliction of emotional stress is a very limited tort, and applies only to the situation where a person suffers emotional distress as the result of witnessing negligent injury to a third person. *See Duran v. Detroit News, Inc.*, 200 Mich. App. 622, 629, 504 N.W.2d 715, 719-20 (1993)("[W]e decline to apply the tort of

negligent infliction of emotional distress beyond the situation where a plaintiff witnesses negligent injury to a third person and suffers mental disturbance as a result"); *Summers v. Hurley Med. Ctr.*, 2007 WL 2404621, at *5 (Mich. Ct. App. 2007)("Turning to plaintiff's claim in Count IV, negligent infliction of emotional distress, we note that this is a limited tort that is recognized where a person witnesses the negligent injury or death of a third person. It has not been extended to other situations.")(Citing cases). Here, as Plaintiff alleges that he is the victim of, not the witness to negligence, he has not stated a plausible claim for negligent infliction of emotional distress.

## IV.  CONCLUSION

I recommend that Defendants' motion to dismiss [Doc. #49] be GRANTED, and that the claims against Dr. Mahender Macha be DISMISSED WITH PREJUDICE.

Any objections to this Report and Recommendation must be filed within fourteen (14) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir.

1987).  Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within fourteen (14) days of service of any objecting party's timely filed objections, the opposing party may file a response.  The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court.  The response shall address specifically, and in the same order raised, each issue contained within the objections.

s/ R. Steven Whalen<br>R. STEVEN WHALEN<br>UNITED STATES MAGISTRATE JUDGE

Dated: September 18, 2017

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing document was sent to parties of record on September 18, 2017, electronically and/or by U.S. mail.

s/Carolyn M. Ciesla<br>Case Manager to the<br>Honorable R. Steven Whalen