UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT #298713,

    Plaintiff,                                 Case No. 15-cv-14465
                                              Hon. Matthew F. Leitman

v.

MICHIGAN DEPTMENT OF CORRECTIONS,
JACKSON ALLEGIANCE HOSPITAL, and
DOCTOR MAHENDER MACHA,

    Defendants.
_____/

**ORDER (1) OVERRULING OBJECTIONS (ECF #52) TO REPORT AND RECOMMENDATION (ECF #50); (2) ADOPTING THE REPORT AND RECOMMENDATION AS THE OPINION OF THE COURT; (3) GRANTING DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS' MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT (ECF #37); AND (4) DISMISSIMING CLAIMS AGAINST DEFENDANT MICHIGAN DEPARTMENT OF CORRECTIONS WITHOUT PREJUDICE**

In this action, Plaintiff Carl Bennett, an inmate in the Michigan Department of Corrections ("MDOC"), asserts, among other things, constitutional and federal statutory claims based upon the MDOC's alleged indifference to his §medical condition and failure to accommodate his disability. On December 19, 2016, the MDOC moved, pursuant to Rule 12 of the Federal Rules of Civil Procedure and 42 U.S.C. §1997e(a), to dismiss Bennett's Amended Complaint on the ground that Bennett failed to exhaust his administrative remedies. (*See* ECF #37.) The motion

1

was referred to the assigned Magistrate Judge. Following the completion of briefing, the Magistrate Judge issued a Report and Recommendation in which he suggested that the Court grant the motion. (*See* ECF #50.) Plaintiff has filed objections to the R & R. (*See* ECF #52.) For the reasons explained below, the objections are OVERRULED.

The R & R is thorough and thoughtful and explains in great detail why Bennett's claims against the MDOC fail for lack of exhaustion. Rather than repeat the points made by the Magistrate Judge, the Court adopts the R & R as the Opinion of the Court.

Bennett's objections fail to show any error in the Magistrate Judge's analysis or conclusion. Bennett first argues that the MDOC failed to present sufficient evidence that he failed to file the required Step III Grievance. The MDOC submitted an affidavit from Richard D. Russell, Manager, Office of Legal Affairs, in which Mr. Russell (1) explained how the MDOC processes and tracks filed grievances and (2) stated that a review of the MDOC's grievance tracking database revealed that Bennett had not filed a grievance related to the claims asserted in this action. Bennett says that the affidavit is not enough, but the case law he relies upon does not support that argument. In *Harris v. Scott*, 2016 WL 4470786 (W.D. Mich. 2016), the court held that a printout of the grievance database report – that was not accompanied by an affidavit explaining the grievance process and the operation of the grievance

tracking system – did not demonstrate an inmate's failure to exhaust. In *Jackson v. Snyder*, 2014 WL 4983672 (W.D. Mich. 2014), the court denied a motion for summary judgment based upon exhaustion because there was a dispute over whether the defendants prevented the plaintiff from exhausting his remedies by raiding his cell and destroying his legal materials – an allegation that the defendants did not rebut through affidavits. Neither of the cases cited by Bennett supports his argument that the MDOC here made a sufficient showing that he failed to file the required Step III grievance. Bennett has failed to show any error in the Magistrate Judge's conclusion that the MDOC presented sufficient evidence to support its exhaustion defense. (Notably, as described below, Bennett has not presented any competent evidence that he did exhaust or attempt to exhaust that could conceivably require evaluation by a fact-finder. The only competent evidence concerning whether Bennett filed a Step III grievance is that submitted by the MDOC.)

Bennett next claims that the Court should decline to dismiss the MDOC because he (Bennett) has submitted evidence that the MDOC frustrated his ability to file a Step III grievance. Bennett seems to contend that the MDOC gave him some sort of "run-around" or induced him to use an incorrect form for the filing of his grievance. But Bennett does not attest to the truth of this contention in a sworn affidavit. Instead, his attorney has submitted an affidavit in which she says that Bennett told her in a privileged (and unsworn) letter that he got the "run-around"

from the MDOC when he tried to file his Step III grievance. (*See* ECF #52-3.) But counsel's affidavit – relaying Bennett's unsworn hearsay statement – is not competent evidence of what happened to Bennett. And counsel has not offered any reason as to why she could not obtain an affidavit from Bennett. According to counsel, she received Bennett's letter on or about January 19, 2017. She prepared her affidavit on August 7, 2017. (*Id.*) She has not explained why she did not obtain an affidavit from Bennett during that seven-month period. Simply put, Bennett has not offered sufficient evidence to create any sort of factual dispute concerning whether the MDOC frustrated his ability to file a Step III grievance, nor has he offered a sufficient explanation for his failure to present such evidence.

Accordingly, IT IS HEREBY ORDERED THAT:

1. Bennett's objections to the R & R (ECF #52) are OVERRULED.

2. The R & R is ADOPTED as the Opinion of the Court;

3. Defendant MDOC's Motion to Dismiss (ECF #37) is GRANTED;

4. Bennett's claims against the MDOC are DISMISSED WITHOUT PREJUDICE.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: September 25, 2017

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 25, 2017, by electronic means and/or ordinary mail.

                                              s/Holly A. Monda
                                              Case Manager
                                              (810) 341-9764