UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT #298713,

    Plaintiff,

Case No. 15-cv-14465
Hon. Matthew F. Leitman

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

_____/

## ORDER (1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF #63) AND (2) DENYING DEFENDANT MDOC'S MOTION TO DISMISS (ECF #37)

Plaintiff Carl Bennett is a former inmate of the Michigan Department of Corrections (the "MDOC"). In this action, Bennett alleges that the MDOC was deliberately indifferent to his medical needs while he was in its custody. (*See* Am. Compl., ECF #34.) The MDOC moved to dismiss Bennett's claims on the basis that he failed to exhaust his administrative remedies, as required under 42 U.S.C. § 1997e(a), by not filing a Step III grievance. (*See* ECF #37.) The Magistrate Judge issued a Report and Recommendation in which he recommended granting the MDOC's motion and dismissing Bennett's claims (the "R&R"). (*See* ECF #52.) Bennett filed objections. (*See* ECF #50.) The Court thereafter entered an order overruling Bennett's objections and dismissing Bennett's claims against the MDOC.

1

(*See* ECF #61.) Bennett has now filed a motion for reconsideration of that order. (*See* ECF #63.) For the reasons stated below, the Court **GRANTS** Bennett's Motion for Reconsideration and **DENIES** the MDOC's Motion to Dismiss.

# I

## A

On December 24, 2015, Bennett filed a *pro se* prisoner civil-rights Complaint in which he alleged, among other things, that the MDOC was deliberately indifferent to his medical needs. (*See* Compl., ECF #1.) Bennett subsequently obtained counsel, and his counsel filed an Amended Complaint on his behalf. (*See* Am. Compl., ECF #34.)

On December 19, 2016, the MDOC moved to dismiss Bennett's Amended Complaint pursuant to Rule 12 of the Federal Rules of Civil Procedure. (*See* ECF #37.) In its motion, the MDOC argued that Bennett failed to exhaust his administrative remedies by not filing a Step III grievance. (*See id.*) In support of its motion, the MDOC attached a search result report generated by its Step III grievance database (the "Step III Grievance Report"). (*See* ECF #37-3.) According to the MDOC, the Step III Grievance Report reflected that Bennett had not filed a Step III grievance. (*See* ECF #37 at Pg. ID 315.)

Bennett filed a response in opposition to the motion on January 9, 2017. (*See* ECF #39.) In the response, Bennett argued, among other things, that the Court should deny the motion because the MDOC "failed to specify the Rule 12 subsection that forms the basis for its motion and failed to supply this Court with any legal analysis demonstrating that its motion meets the applicable Rule 12 standard." (*Id.* at Pg. ID 363.) Bennett next argued that the Step III Grievance Report, standing alone, failed to establish the MDOC's failure-to-exhaust defense. (*See id.* at Pg. ID 364-65.) Bennett cited two district court opinions to support his argument that a search report, by itself, does not establish that the inmate failed to file a Step III appeal form. (*See id.* (citing *Jackson v. Snyder*, 2014 U.S. Dist. LEXIS 136988, at *8-9 (W.D. Mich. Sept. 29, 2014) and *Harris v. Scott*, 2016 U.S. Dist. LEXIS 112393, at *10-11 (W.D. Mich. July 26, 2016)).) In *Harris*, the Magistrate Judge concluded that a single "MDOC Prisoner Step III Grievance Report" – unsupported by any explanatory affidavit – was insufficient to establish the failure-to-exhaust defense. 2016 U.S. Dist. LEXIS 112393 at *10-11.

The MDOC then filed a reply brief (*see* ECF #43), and it attached to that brief an affidavit from Richard D. Russell, Manager of the Grievance Section of the MDOC. (*See* Aff. of Richard D. Russell ("Russell Aff."), ECF #43-2.) In that affidavit, Russell averred that the Step III Grievance Report was an accurate copy and that Bennett had not filed any Step III grievance appeals. (*See id.*)

The Court referred the MDOC's motion to the assigned Magistrate Judge. On July 24, 2017, the Magistrate issued the R&R in which he recommended that the Court grant the MDOC's motion and dismiss Bennett's claims without prejudice due to Bennett's failure to exhaust his administrative remedies. (*See* R&R, ECF #50.) The Magistrate Judge first found "no fault in Defendant not citing a specific provision of Fed.R.Civ. P. 12." (*Id.* at Pg. ID 681.) The Magistrate Judge then concluded that the motion was properly brought as an unenumerated Rule 12 motion. (*See id.*) The Magistrate Judge finally concluded that "the Step III Grievance Report, along with Mr. Russell's affidavit, supports Defendant's allegation that Plaintiff did not exhaust any grievance through Step III of the administrative process." (*Id.* at 682-83.)

**B**

On August 7, 2017, Bennett filed timely objections to the R&R (the "Objections"). (*See* ECF #52.) In the Objections, Bennett made two primary objections:

(1) Bennett argued that the MDOC prevented him from exhausting his administrative remedies. (*See id.*) In support of that claim, Bennett submitted an affidavit from his counsel. (*See* Affidavit of Attorney Carla D. Aikens Esq. ("Aikens Aff."), ECF #52-3.) In that affidavit, Bennett's counsel recounted a

communication from Bennett in which Bennett told her that the MDOC frustrated his efforts to exhaust his administrative remedies. (*See id.*)

(2) Bennett contended that the Magistrate Judge should not have considered the Russell Affidavit because the MDOC first submitted it as an exhibit to a reply brief to which Bennett had no opportunity to respond. (*See* Obj., ECF #52 at Pg. ID 700.)

On September 25, 2017, the Court entered an order in which it overruled Bennett's Objections to the R&R, granted the MDOC's Motion to Dismiss, and dismissed Bennett's claims against the MDOC without prejudice (the "Order"). (*See* Order, ECF #61.) The Court overruled Bennett's Objections for two main reasons. First, the Court concluded that the Step III Grievance Report and the Russell Affidavit were sufficient to show that Bennett failed to file the required Step III grievance. (*See id.* at Pg. ID 914.) Second, the Court concluded that Bennett had not submitted any competent evidence that the MDOC frustrated his ability to file a Step III grievance. (*See id.* at Pg. ID 915.) The Court determined that Bennett's "counsel's affidavit – relaying Bennett's unsworn hearsay statement – is not competent evidence of what happened to Bennett." (*Id.* at Pg. ID 916.)

### C

On October 9, 2017, Bennett filed a motion for reconsideration of the Order. (*See* ECF #63.) Bennett makes three arguments in the motion. First, Bennett argues

5

that the "Court erred when construing Defendant's FRCP 12 motion as an 'unenumerated 12(b) motion.'" (Mot. for Reconsid., ECF #63 at Pg. ID 923.) Bennett contends that a motion based upon a failure to exhaust may not be characterized as an "unenumerated Rule 12 motion" nor adjudicated within the Rule 12 framework. He directs the Court to *Anderson v. Jutzy*, 175 F. Supp. 3d 781 (E.D. Mich. 2016), in which another Judge of this Court rejected the assertion that a motion based on a failure-to-exhaust-remedies defense may be treated an unenumerated Rule 12(b) motion and decided within the Rule 12 framework. (*See id.* at Pg. ID 923, 933-34.)

Second, Bennett contends that the Court should not have considered the Russell Affidavit because the MDOC submitted it as part of a reply brief and failed to include the affidavit with its original motion, as required by Federal Rule of Civil Procedure 6(c)(2). (*See id.* at 924, 939.) Bennett argues that, without the Russell Affidavit, the MDOC cannot not meet its burden to show that Bennett failed to exhaust his remedies. (*See id.*)

Finally, Bennett contends that the Court erred in (1) refusing to consider his counsel's affidavit describing Bennett's account of his efforts to exhaust and (2) then concluding, based upon that refusal, that there was no evidence that Bennett had attempted to exhaust his remedies but was frustrated in that attempt. (*See id.* at Pg. ID 936-38.) Bennett submitted his own affidavit with his motion for reconsideration.

In the affidavit, he states that he informed his counsel that he "was only given the Step I grievance form" by the MDOC and that "when I asked for the form to proceed to the next level, instead of giving me the correct form to proceed through the grievance process, I was told by MDOC that I had made some sort of mistake and I was given the run-around." (Affidavit of Carl Bennett ("Bennett Aff.") at ¶¶ 3-4, ECF #63-1 at Pg. ID 945.)

After reviewing the motion for reconsideration, the Court entered an order in which it required the MDOC to respond to the motion. (*See* ECF #64.) The MDOC thereafter responded. (*See* ECF #65.)

On February 12, 2018, the Court held a telephone conference with counsel for Bennett and the MDOC concerning the motion for reconsideration. During the telephone conference, the Court expressed concern that the Bennett Affidavit (submitted in support of the motion) contained numerous errors and vague factual allegations. The Court then provided Bennett with one final opportunity to submit an affidavit explaining his attempts to file a Step III grievance and how the MDOC frustrated those attempts.

On February 21, 2018, Bennett filed a second affidavit in support of his motion for reconsideration (the "Second Bennett Affidavit"). (*See* ECF #72.) In the Second Bennett Affidavit, Bennett swears under oath in relevant part that:

> 4. My Step I and Step II grievance forms were repeatedly submitted but were denied as untimely each time.
>
> 5. At the bottom of one of the Step II grievance forms that was denied, I filled out information to submit a Step III grievance, and I gave it to the grievance coordinator.
>
> 6. The Step II grievance forms are supposed to be sent to Lansing. I had the correct address but they kept getting returned to me without even having been opened. I have a copy of the Step II grievance that I filed with my complaint. This was never sent to Lansing.

(Second Bennett Aff. at ¶¶ 4-6, ECF #72 at Pg. ID 1027.) On March 5, 2018, the MDOC filed a response to that affidavit. (*See* Resp. to Second Bennett Aff., ECF #73.)

## II

To succeed on a motion for reconsideration, "[t]he movant must not only demonstrate a palpable defect by which the court and the parties and other persons entitled to be heard on the motion have been misled but also show that correcting the defect will result in a different disposition of the case." Local Rule 7.1(h).

## III

Bennett has demonstrated both palpable defects in the Order and that correcting those defects will result in a different disposition of this case. Specifically, the Court is persuaded that it erred in treating the MDOC's motion as an unenumerated motion to dismiss. Instead, the motion should have been treated as one for summary judgment. *See Anderson*, 175 F. Supp. 3d at 788 (concluding

that motion to dismiss on the basis of failure to exhaust administrative remedies was improperly brought under Rule 12(b) rather than Rule 56). In addition, the Court should not have considered the Russell Affidavit because the MDOC first submitted it as part of a reply brief to which Bennett had no opportunity to respond. *See Seay v. Tennessee Valley Auth.*, 339 F.3d 454, 481 (6th Cir. 2003).

Bennett has also demonstrated that the correction of these defects would have resulted in a different disposition of the MDOC's motion. Without the Russell Affidavit, the MDOC is not entitled to judgment on its failure-to exhaust defense. *See Harris*, 2016 U.S. Dist. LEXIS 112393 at *10-11; *see also Jackson*, 2014 U.S. Dist. LEXIS 136988 at *8-9. Moreover, Bennett has presented at least some evidence that the MDOC may have interfered with his ability to file a Step III grievance, and under these circumstances – including the lack of an affidavit in the MDOC's moving papers and the fact that Bennett has not yet conducted any discovery – the Court is not inclined to grant summary judgment on the failure-to-exhaust defense. The MDOC may ultimately be entitled to summary judgment on this defense, but the Court will not enter such a judgment now.

## IV

For the reasons described above, the Court **GRANTS** Bennett's Motion for Reconsideration (ECF #63) and **DENIES** the MDOC's Motion to Dismiss (ECF #37). The MDOC shall answer the Amended Complaint by no later than April 18, 2018.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: March 28, 2018

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on March 28, 2018, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764