UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT #298713,

    Plaintiff,

Case No. 15-cv-14465
Hon. Matthew F. Leitman

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

_____/

# ORDER DENYING MOTION FOR LEAVE
# TO AMEND COMPLAINT (ECF #96)

This is a prisoner civil rights case arising out of alleged complications from medical treatment at Michigan Department of Corrections (MDOC) facilities. Plaintiff Carl Bennett's Second Amended Complaint – which is the currently-operative Complaint – names only the MDOC as a defendant. (*See* ECF #87.) On January 10, 2019, Bennett, who is represented by counsel, filed a motion for leave to file a Third Amended Complaint. (ECF #96.) In the motion, Bennett seeks permission to add thirteen individuals as defendants. (*See id.*) Bennett explains that, "after extensive litigation, [he] learned the names and identities of some parties involved in the violation of his rights" and "now seeks leave to amend his complaint

1

to add these individuals as parties in their individual capacities." (ECF #96 at Pg. ID 1371.)

On January 23, 2019, the MDOC filed a response opposing the motion. (ECF #98.) The MDOC argues that the Court should deny the motion because, among other things, the proposed Third Amended Complaint "fails to allege any personal involvement of the proposed individual Defendants and would be dismissed under controlling 42 U.S.C. § 1983 caselaw." (ECF #98 at Pg. ID 1441.) The Court agrees with the MDOC.

Bennett's proposed Third Amended Complaint fails to plead the culpability of each proposed individual Defendant in the manner required under § 1983. "It is well-settled that to state a cognizable Section 1983 claim, the plaintiff must allege some personal involvement by the each [sic] of the named defendants." *Bennett v. Schroeder*, 99 F. App'x 707, 712–13 (6th Cir. 2004).[1] Bennett has failed to do so. His proposed Third Amended Complaint mentions each proposed individual Defendant only twice – in a series of in introductory paragraphs. (ECF #96-1 at Pg. ID 1383-87.) An example of one of these introductory paragraphs is as follows:

---

[1] *See also Burley v. Gagacki*, 729 F.3d 610, 619 (6th Cir. 2013) (recognizing general rule that in a Section 1983 action, a plaintiff must show that each defendant was "personally involved" in the alleged constitutional violation); *Heyerman v. Cty. of Calhoun*, 680 F.3d 642, 647 (6th Cir. 2012) ("Persons sued in the individual capacities under [Section] 1983 can be held liable based only on their own unconstitutional behavior").

2

> 14. Defendant Isaac Alexis M.D., upon information and belief, is a physician with MDOC and is responsible for providing care to inmates.
>
> 15. At all times relevant to this Complaint, Dr. Alexis was acting under the color of state and federal laws, and was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations in effect at MDOC, while upholding their duties of care to inmates at MDOC.

(*Id.* at Pg. ID 1384.) The introductory paragraphs for the other proposed individual Defendants are *identical* except for the change of names and job titles.

The allegations in the introductory paragraphs say nothing about how any proposed individual Defendant was personally involved in the alleged deprivation of Bennett's constitutional rights. Moreover, as the MDOC correctly argues, the remaining allegations in the proposed Third Amended Complaint are so general and vague that they fail to apprise each proposed individual Defendant "what each of them allegedly did wrong." (ECF #98 at Pg. ID 1442.) The proposed Third Amended Complaint thus fails to satisfy the rule that "[w]hen claiming damages for violations of constitutional rights, Plaintiffs 'must allege, with particularity, facts that demonstrate what *each* defendant did to violate the asserted constitutional right.'" *Ondo v. City of Cleveland*, 795 F.3d 597, 610 (6th Cir. 2015) (emphasis in original) (quoting *Lanman v. Hinson,* 529 F.3d 673, 684 (6th Cir. 2008)). For these reasons, Bennett's proposed Third Amended Complaint fails to state a viable Section 1983 claim against any of the proposed individual Defendants.

Bennett's proposed amendment is thus futile. *See Rose v. Hartford Underwriters Ins. Co.*, 203 F.3d 417, 420 (6th Cir. 2000) ("A proposed amendment is futile if the amendment could not withstand a Rule 12(b)(6) motion to dismiss."). And while leave to amend is freely given under Rule 15 of the Federal Rules of Civil Procedure, it is properly denied where, as here, the proposed amendment is futile. *Yuhasz v. Brush Wellman, Inc.*, 341 F.3d 559, 569 (6th Cir. 2003). Accordingly, for the reasons stated above, the Court **DENIES** Plaintiff's motion for leave to file a Third Amended Complaint.[2]

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated: February 8, 2019

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on February 8, 2019, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764

---

[2] The Court has no need to reach, and does not reach, the MDOC's other arguments against allowing Plaintiff to file the proposed Third Amended Complaint.