UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT #298713,

    Plaintiff,

Case No. 15-cv-14465
Hon. Matthew F. Leitman

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

_____/

## ORDER DENYING PLAINTIFF'S REQUEST FOR ADDITIONAL DISCOVERY (ECF No. 135)

This action is a civil rights suit brought by Plaintiff Carl Bennett, a former prisoner who was incarcerated in the Michigan Department of Corrections (the "MDOC"). (*See* Fourth Am. Compl., ECF No. 121.) On September 26, 2019, Defendants Isaac Alexis, Quinn LaFleur, and David Wright (collectively, the "Corizon Defendants") moved for summary judgment. (*See* Corizon Defs.' Mot. for Summ. J., ECF No. 127.) The same day, the MDOC, Heidi Washington, Joe Barrett, Shirley Harry, Jeff Woods, Connie Horton, Christine Ausmus, Latoya Caulford, Judy Crisenberry, Alline Curtis, Marguerite Walker, Sherri Winter, and Lisa Wurmlinger (collectively, the "MDOC Defendants") also moved for summary

judgment. (*See* MDOC Defs.' Mot. for Summ. J., ECF No. 129.) The MDOC Defendants moved for summary judgment on five grounds:

> 1. Plaintiff has failed to exhaust his administrative remedies before filing a complaint under 42 U.S.C. § 1983.
> 2. The MDOC Defendants are entitled to sovereign immunity to Plaintiff's federal constitutional claims, under 42 U.S.C. § 1983.
> 3. Plaintiff's claim under the Michigan's Persons with Disabilities Civil Rights Act, Mich. Comp. Laws § 37.1301 fail[s] as a matter of law.
> 4. The MDOC Defendants are immune from Plaintiff's tort claim.
> 5. Plaintiff's request for prospective relief [is] moot as he has not been in the custody of MDOC since March 22, 2017.

(*Id.* at PageID.1758.)

On January 6, 2020, the Court held a telephonic status conference with the parties to discuss Plaintiff's request for additional discovery before responding to the motions for summary judgment. (*See* Order, ECF No. 135.) With respect to the Corizon Defendants' motion for summary judgment, the Court ordered that the Corizon Defendants be made available to Plaintiff for a deposition that will be limited in scope to three topics: the Corizon Defendants' actual or constructive notice of Plaintiff's claims, the factual contentions in the Corizon Defendants' affidavits in support of their motion, and the legal relationship between the Corizon Defendants and the MDOC. (*See id.* at PageID.1883–84.) With respect to the MDOC Defendants' motion for summary judgment, the Court allowed Plaintiff to

2

file a Rule 56(d) affidavit to request additional discovery that Plaintiff believed was necessary to respond to the MDOC Defendants' motion. (*See id.* at PageID.1884.) The Court instructed Plaintiff that "[t]he affidavit shall <u>specifically</u> identify the discovery that Plaintiff believes he needs to complete in order to respond to the MDOC's Motion for Summary Judgment (ECF No. 129) and shall explain <u>in detail</u> why Plaintiff believes such discovery is necessary." (*Id.*; emphasis in original.)

On January 13, 2020, Plaintiff filed a Rule 56(d) affidavit. (*See* Aff., ECF No. 137.) The affidavit was not sworn before a notary public. (*See id.*). The affidavit in its entirety provides:

> I, Carla Aikens, an officer of the Court, being first duly sworn according to law, under penalty of perjury, deposes and says:
> 1. Pursuant to Federal Rule of Civil Procedure 56(d), Plaintiff's counsel is of the opinion that discovery is needed on the issues as stated in the following paragraphs to respond to Defendants' motions for summary judgment.
> 2. First, in order to respond to the motion for summary judgment filed by the individual defendants who allegedly worked with MDOC as contractors, ISAAC ALEXIS, M.D., DAVID WRIGHT, D.O., and QUINN LAFLEUR, P.A. (collectively, the "Corizon Defendants"), Plaintiff needs to clarify the relationship between the Corizon Defendants and the M.D.O.C.
> 3. The Corizon Defendants' motion raises the issue of constructive notice.
> 4. Specifically, regarding the issue of notice, Plaintiff is in need of information from both MDOC and the Corizon Defendants regarding when – if ever – they

3

>     met and with whom regarding any of the allegations in Plaintiff's last Complaint.
> 5. As this issue may also turn on the employment relationship between MDOC and the Corizon Defendants, Plaintiff needs more information regarding that employment relationship in order to respond to the Corizon Defendants.
> 6. Further, your affiant sayeth not.

(*Id.*)

The MDOC Defendants filed a response to Plaintiff's affidavit on January 21, 2020. (*See* Resp., ECF No. 138.) The MDOC Defendants raise three objections to Plaintiff's affidavit. First, they argue that the Court should reject the affidavit "because it does not meet the technical requirements of an affidavit or declaration under Fed. R. Civ. P. 56(d)." (*Id.* at PageID.1897.) Second, they argue that the affidavit "fails to specifically identify what documents [Bennett] wants from the MDOC Defendants." (*Id.* at PageID.1897–98.) Third, they argue that the "discovery that Bennett seeks is legally irrelevant." (*Id.* at PageID.1898.) The Court agrees with the MDOC Defendants on all three grounds.

First, the affidavit is technically deficient. A request for discovery under Rule 56(d) must be supported by a "proper" affidavit. *Sandusky Wellness Ctr., LLC v. Medco Health Sols., Inc.*, 788 F.3d 218, 226 (6th Cir. 2015). If an affidavit "was not sworn to before a notary public," the movant's Rule 56(d) request is "improper," "[a]nd without having filed a proper affidavit . . . the district court [does] not abuse its discretion by denying discovery." *Id.* Plaintiff's affidavit was not sworn before

4

a notary public, and on this ground alone the Court could deny Plaintiff's requested discovery.

Second, the affidavit is "too vague." *Id.* A Rule 56(d) affidavit "must describe exactly how [the movant] expects those materials would help [it] in opposing summary judgment." *Id.* (quotation omitted). The Court instructed Plaintiff to "<u>specifically</u> identify the discovery" requested and "explain <u>in detail</u> why Plaintiff believes such discovery is necessary." (Order, ECF No. 135.) But Plaintiff did not do so. Instead, Plaintiff filed an affidavit that does not identify the specific information or documents he needs to oppose the MDOC Defendants' motion. (*See* Aff., ECF No. 137.) The vagueness of Plaintiff's unsworn affidavit further supports denying Plaintiff his requested discovery.

Third, Plaintiff's affidavit is irrelevant to the MDOC Defendants' motion. The affidavit mostly focuses on information that Plaintiff believes he needs to respond to the Corizon Defendants' motion, not the MDOC Defendants' motion. (*See id.*) But, as described above, the Court has already allowed Plaintiff to pursue further discovery into the issues that Plaintiff identifies in the affidavit – the Corizon Defendants' notice and the relationship between the Corizon Defendants and the MDOC – through depositions of the Corizon Defendants. And, most importantly, Plaintiff's requested discovery is irrelevant to the five arguments that the MDOC Defendants made in their summary judgment motion: exhaustion, sovereign

immunity, the Michigan Persons with Disabilities Civil Rights Act, governmental immunity, and mootness. (*See* MDOC Defs.' Mot. for Summ. J., ECF No. 129, PageID.1758.) The information requested in Plaintiff's affidavit does not appear relevant to these five grounds, and the affidavit does not specifically describe how the information could be used to oppose any of the MDOC Defendants' arguments.

Accordingly, for all the reasons explained above, **IT IS HEREBY ORDERED** that Plaintiff's Request for Additional Discovery (ECF No. 135) is **DENIED**.

**IT IS SO ORDERED**.

s/Matthew F. Leitman<br>
MATTHEW F. LEITMAN<br>
UNITED STATES DISTRICT JUDGE

Dated: January 23, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 23, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda<br>
Case Manager<br>
(810) 341-9764