UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT,

      Plaintiff,                                Case No. 15-cv-14465
                                              Hon. Matthew F. Leitman

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

      Defendants.

_____/

## ORDER GRANTING IN PART AND DENYING IN PART MOTION FOR SUMMARY JUDGMENT BY THE CORIZON DEFENDANTS (ECF No. 127)

In this action, Plaintiff Carl Bennett brings claims under 42 U.S.C. § 1983 against several medical professionals involved in his care while he was incarcerated within the Michigan Department of Corrections ("MDOC"). Bennett claims, among other things, that three professionals employed by Corizon Correctional Healthcare – Isaac Alexis, M.D., David Wright, D.O., and Quinn LaFleuer, P.A. (collectively, the "Corizon Defendants") – acted with deliberate indifference to his serious medical condition and thereby violated the Eighth Amendment. (*See* Fourth Am. Compl., ECF No. 121, PageID.1668.) Bennett first asserted claims against the Corizon Defendants in his Third Amended Complaint. (*See* Third Am. Compl., ECF No. 87.)

Now before the Court is the Corizon Defendants' motion for summary judgment. (*See* Mot., ECF No. 127.)  In that motion, the Corizon Defendants argue that they are entitled to judgment as a matter of law on the ground that Bennett's claims are untimely under the applicable three-year statute of limitations.  For the reasons explained below, the Corizon Defendants' motion is **GRANTED IN PART AND DENIED IN PART.**

## I

### A

Bennett originally filed his pro se Complaint in this action on December 24, 2015. (*See* Compl., ECF No. 1.)  In that pleading, he appeared to assert claims against two defendants: Jackson Allegiance Hospital and the MDOC. (*See id.*, PageID.33-34.)  More specifically, he alleged that a physician at Jackson Allegiance negligently performed heart surgery on him and that, following surgery, the MDOC improperly required him to climb stairs even though his doctors had advised against such exertion. (*See id.*)

On December 2, 2016, Bennett, now acting through retained counsel, filed an Amended Complaint. (*See* Am. Compl., ECF No. 87.)  The Amended Complaint named only the MDOC as a defendant. (*See id.*)  Bennett alleged that the MDOC violated his rights under the Eighth Amendment by "subject[ing him] to a substantial risk of serious harm and injury from inadequate medical care in failing to provide

2

the medication proscribed by his physician following [his] open heart surgery procedure and further placing the burden on [him] to correct the facility's failure to provide him with his medication in a timely manner." (*Id.*, PageID.1130.)  Bennett also asserted claims against the MDOC for violation of the Americans With Disabilities Act, 42 U.S.C. § 12101, et. Seq. and § 504 of the Rehabilitation Act, 29 U.S.C. 794. (*Id.*)

On October 9, 2018, Bennett filed a Second Amended Complaint. (*See* Second Am. Compl., ECF No. 87.)  This amended pleading did not add any new defendants.  Instead, it simply "clarified [Bennett's] allegations as to Defendant MDOC, which is currently the only defendant remaining in the litigation."  (Mot. for Lv. to Amend, ECF No. 81, PageID.1091.)

On February 13, 2019, Bennett filed a motion for leave to file a Third Amended Complaint. (*See* Mot., ECF No. 103.)  The Court granted that motion in an order dated June 28, 2019 (*see* Order, ECF No. 110.)  Bennett then filed his Third Amended Complaint on August 1, 2019. (*See* Third Am. Compl., ECF No. 111.) Bennett first named the Corizon Defendants as defendants in the Third Amended Complaint. (*Id.*)  Bennett made the following allegations against each of the Corizon Defendants:

88.    Upon information and belief, from the period of December of 2013 to January of 2014, Defendant Isaac Alexis, M.D., was the

3

supervising physician in charge of making sure that Plaintiff received the following reasonable accommodations for his medical conditions while incarcerated, and failed to provide him with care, including but not limited to the following:

     a.  Conducting appointments with Plaintiff within a reasonable amount of time of Plaintiff's request to be seen;

     b. Prescribing necessary medication;

     c. Ensuring Plaintiff received necessary medication;

     d. Properly addressing Plaintiff's medical concerns

     e. Ensuring that Plaintiff was housed on the first floor such that he did not have to take the stairs; and

     f. Ensuring that Plaintiff was placed on the bottom bunk of his cell.

\*\*\*

94.    Upon information and belief, for at least the period of February of 2015 to February of 2016, Defendant Quinn LaFleur, P.A., was responsible for ensuring that Plaintiff received the following reasonable accommodations for his medical conditions while incarcerated, and failed to provide him with care, including but not limited to the following:

a. Conducting appointments with Plaintiff within a reasonable amount of time of Plaintiff's request to be seen;

b. Ensuring that Plaintiff was prescribed necessary medication;

c. Ensuring that Plaintiff received necessary medication;

d. Ensuring that Plaintiff was housed on the first floor such that he did not have to take the stairs; and

e. Ensuring that Plaintiff was placed on the bottom bunk of his cell.

\*\*\*

97. Upon information and belief, for at least the period of October of 2015 to June of 2016, Defendant David Wright, D.O., was responsible for ensuring that Plaintiff received the following reasonable accommodations for his medical conditions while incarcerated, and failed to provide him with care, including but not limited to the following:

a. Conducting appointments with Plaintiff within a reasonable amount of time of Plaintiff's request to be seen;

b. Ensuring that Plaintiff was prescribed necessary medication;

c. Ensuring that Plaintiff received necessary medication;

d. Ensuring that Plaintiff was housed on the first floor such that he did not have to take the stairs; and

e. Ensuring that Plaintiff was placed on the bottom bunk of his cell; and

f. Ordering proper work restrictions suitable for Plaintiff's medical condition.

(Sec. Am. Compl., ECF No. 111, PageID.1588-92.)  Bennett alleged that these acts and omissions by the Corizon Defendants amounted to deliberate indifference to his serious medical condition in violation of the Eighth Amendment. (*Id*., PageID.1594.)

On September 9, 2019, Bennett filed his Fourth Amended Complaint. (*See* Fourth Am. Compl., ECF No. 121.)  That pleading asserts against the Corizon Defendants the same allegations and claims that Bennett asserted against them in the Third Amended Complaint.  The Fourth Amended Complaint is the current operative Complaint in this action.

**B**

On September 26, 2019, the Corizon Defendants filed their motion for summary judgment. (*See* Mot., ECF No. 127.)  As noted above, in that motion, they seek judgment as a matter of law on the ground that Bennett's claims are time-barred. (*See id*.)  The Court held a video hearing on the motion after it was fully briefed.

6

Following the hearing, the Court directed the parties to submit supplemental briefs on an issue that arose during the hearing, and the parties did so. (*See* Supp. Briefs, ECF Nos. 164 & 171.)

## II

A movant is entitled to summary judgment when it "shows that there is no genuine dispute as to any material fact." *SEC v. Sierra Brokerage Servs., Inc.*, 712 F.3d 321, 326-27 (6th Cir. 2013) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251-52 (1986)) (quotations omitted). When reviewing the record, "the court must view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor." *Id.* "The mere existence of a scintilla of evidence in support of the [non-moving party's] position will be insufficient; there must be evidence on which the jury could reasonably find for [that party]." *Anderson*, 477 U.S. at 252. Summary judgment is not appropriate when "the evidence presents a sufficient disagreement to require submission to a jury." *Id.* at 251-52. "Credibility determinations, the weighing of the evidence, and the drafting of legitimate inferences from the facts are jury functions, not those of a judge." *Id.* at 255.

## III

As both parties acknowledge, the limitations period applicable to Bennett's claims under 42 U.S.C. 1983 is three years. *See Hawkins v. Spitters*, 79 F. App'x

7

168, 169 (6th Cir. 2003) (borrowing Michigan's three-year limitations period for personal injury claims and applying it to Eighth Amendment deliberate indifference claim by Michigan prisoner under 42 U.S.C. 1983).   But they sharply dispute whether Bennett brought his claims against the Corizon Defendants within the applicable limitations period.   The Corizon Defendants argue that the claims are time-barred because they last treated Bennett in June of 2016, and Bennett did not file his Third Amended Complaint – the first pleading asserting claims against them – until August 1, 2019.  Bennett counters that his claims are timely for two reasons. First, he highlights that he moved for leave to file the Third Amended Complaint adding the Corizon Defendants before the three-year limitations period expired, and he contends that the filing of his motion for leave to amend tolled the statute of limitations.   Second, he asserts that to the extent the statute of limitations was not tolled by the filing of his motion for leave to amend, his claims are nonetheless timely because they relate back to the claims in the original Complaint – which was filed within the limitations period.   The Court examines Bennett's two arguments in turn below.

## A

### 1

Bennett's tolling argument gets the law right but misapplies it, in part, to his claims against the Corizon Defendants.  As Bennett accurately notes, "the statute of

limitations [is] tolled when [a] plaintiff, within the limitations period, file[s] a proposed amended complaint to add defendants accompanied by a motion to amend." *Sheets v. Dziabis*, 738 F. Supp. 307, 313 (N.D. Ind. 1990) (citing *Eaton Corp. v. Alliance Valves Co.*, 634 F.Supp. 974 (N.D. Ind. 1984), aff'd 790 F.2d 874 (Fed. Cir. 1986).   Thus, claims against a new party in the proposed amended complaint may be timely "even though the order granting leave to amend and the amended complaint's technical filing occurred after the running of the statute of limitations." *Id.*   In the words of the Sixth Circuit, "[i]f a motion to amend is granted, the complaint is deemed amended as of the date the proponent of the amendment sought leave to amend, and not when the request is actually granted." *Shillman v. United States*, 221 F.3d 1336 (6th Cir. 2000) (Table), 2000 WL 923761.

Here, Bennett sought leave to file his Third Amended Complaint on February 13, 2019, and the statute of limitations was tolled on that date.   Thus, his claims are timely to the extent that they are based upon acts and omissions occurring on or after February 13, 2016.

The problem for Bennett, however, is that his claims against the Corizon Defendants, for the most part, are based upon alleged acts and omissions occurring before February 13, 2016.   For instance, his claim against Dr. Alexis is based upon alleged acts and omissions between December 2013 and January 2014. (*See* Fourth Am. Compl., ECF No. 121, ¶88.)   Thus, no portion of that claim is timely.   His claim

against P.A. LaFleur is based upon alleged acts and omissions between February 2015 and February 2016. (*See id*., ¶94.)  Accordingly, only a small fraction of that claim – the part based upon alleged acts and omissions from February 13, 2016 through February 28, 2016 – is timely.  Finally, his claim against Dr. Wright is based upon acts and omissions occurring between October 15, 2015 and June 2016. (*See id*., ¶97.)  Only the portion of that claim based upon acts and omissions occurring from February 13, 2016 to June 2016 is timely.

In sum, applying the tolling rule urged by Bennett does not save any portion of his claim against Dr. Alexis, and it saves only a small portion of his claims against Dr. Wright and P.A. LaFleur.

**2**

The Corizon Defendants counter that Bennett should not be permitted to save any portion of his claims against them under the tolling rule set forth above.  First, they insist that Bennett waived his argument that the filing of the motion for leave to file the Third Amended Complaint tolled the statute of limitations.  They contend that Bennett made the argument too late – not until the hearing on the motion for summary judgment.  While Bennett should have made the argument earlier, and while the Court could have chosen to disregard the argument due to its tardiness, the Court chose not to pursue that path.  Instead, the Court allowed both parties to address the tolling issue in supplemental briefs, and they did so.  The Corizon

Defendants were thus not unfairly prejudiced by the timing of the tolling argument. Moreover, the lateness of the argument was not a knowing and intentional waiver of the argument. *See Lucaj v. Fed. Bureau of Investigation*, 852 F.3d 541, 548 (6th Cir. 2017) ("waiver is the intentional relinquishment or abandonment of a known right.") (quoting *United States v. Olano*, 507 U.S. 725, 733 (1993)).

Second, the Corizon Defendants insist that Bennett is, in effect, estopped from relying upon the tolling rule. They argue that the tolling rule applies only where a proposed amendment seeks to add a new party, and they contend that Bennett has argued that adding the Corizon Defendants did *not* add new parties. However, it is not clear that Corizon's view of the tolling rule is correct. The Corizon Defendants have not cited any decision squarely holding that the tolling rule applies only to the addition of new parties. And in any event, Corizon has not persuaded the Court that Bennett should be estopped – under any recognized estoppel doctrine – from arguing that the addition of the Corizon Defendants did amount to the addition of new parties. Indeed, Corizon has not mentioned or attempted to apply the elements of any estoppel doctrine against Bennett. Finally, the Corizon Defendants have effectively taken the position that they *were* new parties to this action when Bennett added them in the Third Amended Complaint (*see* Mot. For Summ. J., ECF No. 127,

PageID.1734[1]).  Thus, it is not unfair to apply the tolling doctrine to them even if, as

they contend, the doctrine is limited to amendments that add new parties.

## B

The Court next turns to Bennett's argument that his claims against the Corizon

Defendants are not time-barred because they relate back to the claims in the original

Complaint.   Rule 15(c)(1) of the Federal Rules of Civil Procedure governs the

relation back of amendments.  That rule provides:

> (c) Relation Back of Amendments.
>
> (1) When an Amendment Relates Back. An amendment to a pleading
>     relates back to the date of the original pleading when:
>
>     (A) the law that provides the applicable statute of limitations
>         allows relation back;
>
>     (B) the amendment asserts a claim or defense that arose out of the
>         conduct, transaction, or occurrence set out—or attempted to be
>         set out—in the original pleading; or
>
>     (C) the amendment changes the party or the naming of the party
>         against whom a claim is asserted, if Rule 15(c)(1)(B) is
>         satisfied and if, within the period provided by Rule 4(m) for
>         serving the summons and complaint, the party to be brought in
>         by amendment:
>
>         (i)   received such notice of the action that it will not be
>               prejudiced in defending on the merits; and

---

[1] At the cited page of the Corizon Defendants' Motion for Summary Judgment, they emphasize their separateness from the MDOC – one of the Defendants named in the original Complaint.

     (ii)    knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

As the "proponent of relation back," Bennett "has the burden of showing" that all the requirements of Rule 15(c)(1) are satisfied. *Hiler v. Extendicare Health Network, Inc.*, No. 5:11-CV-192-REW, 2013 WL 756352, at *3 (E.D. Ky. Feb. 26, 2013). Indeed, "courts have consistently held that the burden of proof for relation back falls upon Plaintiff." *Averill v. Jones*, No. CV 12-599 (MN), 2019 WL 3804686, at *3 (D. Del. Aug. 13, 2019) (collecting cases.)[2]

Bennett does not specify which subsection of Rule 15(c)(1) supports his contention that his claims against the Corizon Defendants relate back to the claims in his original complaint. In fact, his response to the Corizon Defendants' motion for summary judgment does not even cite to the rule. (*See* Response, ECF No. 142.) But the response does cite one Sixth Circuit case applying subsection 15(c)(1)(C) of the rule (*see id.*, PageID.2198, citing *Ham v. Emergency Servs. of Midwest, Inc.*, 575 Fed. Appx. 610, 617-18 (6th Cir. 2014)), so the Court assumes that this is the subsection on which Bennett rests his relation back argument.

---

[2] *See also Smith v. Galia County Sheriff,* 2011 WL 2970931, at *4 (S.D. Ohio July 20, 2011) ("Further, the plaintiff bears the burden of demonstrating that the requirements of Rule 15(c) have been met.") (citation omitted); *Wilkins-Jones v. Cty. of Alameda*, No. C-08-1485 EMC, 2012 WL 3116025, at *12 (N.D. Cal. July 31, 2012) ("Plaintiff has the burden of demonstrating the elements of relation back.")

Under Rule 15(c)(1)(C), an amendment "relates back to the date of the original pleading if 'the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading,' and if, within 120 days after the complaint is filed, 'the party to be brought in by amendment (i) received such notice of the action that it will not be prejudiced in defending on the merits; and (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.'" *Ham,* 575 F. App'x at 615 (quoting Fed.R.Civ.P. 15(c)(1)(C)). Bennett has failed to show that all these elements are satisfied.

First, Bennett has not even attempted to show that his claims against the Corizon Defendants arise out of the "same conduct, transaction, or occurrence set out – or attempted to be set out – in the original pleading."  And there is reason to believe that he could not make such a showing – at least as to Corizon Defendants Dr. Wright and P.A. LaFleur.  The original Complaint focused on Bennett's 2013 heart attack, his surgery at Jackson Allegiance Hospital in January 2014, and the MDOC's failure to provide proper follow-up care in the months following his surgery. (*See* Compl., ECF No. 1, PageID.32-34.)  But according to Bennett, Dr. Wright and P.A. LaFleur did not begin treating him until 2015. (*See* Fourth Am. Compl., ECF No. 121, PageID.1665-66.)  Bennett has not explained – or even tried

to explain – how the allegedly-improper treatment by Dr. Wright and P.A. LaFleur was part of the same treatment about which he complained in his original Complaint.

Second, Bennett has not shown that his omission of the Corizon Defendants from the original Complaint was the type of "mistake" that justifies relation back under Rule 15(c)(1)(C). Bennett argues that he did not name the Corizon Defendants in the original Complaint because he did not know their identities. (*See* Mot. to Amend, ECF No. 101, PageID 1464.[3]) But Bennett's lack of knowledge concerning the Corizon Defendants' identity was not a "mistake" about their identity for purposes of Rule 15(c)(1)(C). The Sixth Circuit has "distinguished a plaintiff's *mistake* concerning the identity of a party from a plaintiff's mere *failure to find out* a party's identity." *Ham*, 575 Fed. Appx. at 616 (emphasis in original). And the latter does not amount to a "mistake" under the rule. *See Smith v. City of Akron,* 476 Fed. Appx. 67, 69 (6th Cir.2012) ("Smith did not make a mistake about the identity of the parties he intended to sue; he did not know who they were and apparently did not find out within the two-year limitations period. The relation-back protections of Rule 15(c) were not designed to correct *that* kind of problem.") Because Bennett has failed to show that he omitted the Corizon Defendants from the

---

[3] While Bennett's original Complaint did state that Bennett was suing "all staff involved in surgery" (Compl., ECF No. 1, PageID.1), it is undisputed that the Corizon Defendants were not involved in the surgery at Jackson Allegiance Hospital. Thus, the reference to "all staff" cannot be a reference to the Corizon Defendants.

original Complaint based upon a "mistake" as to their identities, his claims against the Corizon Defendants do not relate back to the claims in the original Complaint. *See id.*

## IV

For the reasons explained above, the Corizon Defendants' Motion for Summary Judgment is **GRANTED IN PART AND DENIED IN PART** as follows:

A.   The motion is DENIED to the extent that it seeks summary judgment on (1) Bennett's claims against P.A. LaFleur based upon alleged acts and omissions from February 13, 2016 through February 28, 2016 and (2) his claims against Dr. Wright based upon acts and omissions occurring from February 13, 2016 to June 2016.

B.   The motion is GRANTED in all other respects.

**IT IS SO ORDERED.**

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 18, 2020

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 18, 2020, by electronic means and/or ordinary mail.

s/Holly A. Monda
Case Manager
(810) 341-9764