UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.
_____/

Case No. 15-cv-14465
Hon. Matthew F. Leitman

## ORDER (1) GRANTING DEFENDANT KAY GARLAND'S MOTION TO SET ASIDE DEFAULT (ECF No. 206) AND (2) SETTING ASIDE ENTRY OF DEFAULT (ECF No. 177)

Plaintiff Carl Bennett was previously in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Bennett claims that while he was in MDOC custody, the Defendants violated his constitutional and statutory rights by, among other things, failing to provide him necessary medications. (*See* Fourth Am. Compl., ECF No. 121.)

One of the Defendants that Bennett brings his claims against is Kay Garland. Garland was a nurse at the Charles E. Egeler Reception and Guidance Center, one of the facilities where Bennett was incarcerated. (*See* Garland Aff. at ¶¶ 5-6, ECF No. 206-8, PageID.3255.) Bennett first named Garland as a Defendant in his Third Amended Complaint. (*See* Third Am. Compl., ECF No. 111.) He also named her as

1

a Defendant in the Fourth Amended Complaint, and he served her with that pleading on December 6, 2019. (*See* Fourth Am. Compl., ECF No. 121; Proof of Service, ECF No. 159-1.) Garland failed to respond to the Fourth Amended Complaint, and, on October 9, 2020, the Clerk of the Court entered a default against her due to her failure to appear. (*See* Order, ECF No. 176; Clerk's Entry of Default, ECF No. 177.)

On April 28, 2021, Bennett filed a motion for default judgment against Garland. (*See* Mot., ECF No. 185.) Garland thereafter obtained counsel, appeared in this action, and filed a motion to set aside the default.[1] (*See* Mot., ECF No. 206.) Bennett opposes that motion. (*See* Bennett Resp., ECF No. 210.) The Court has carefully reviewed Garland's motion, and Bennett's response, and, for the reasons explained below, it **GRANTS** Garland's motion and **SETS ASIDE** the default entered against her.[2]

I

Garland's motion to set aside her default is governed by Federal Rule of Civil Procedure 55(c). That rule provides that a "court may set aside an entry of default for good cause." Fed. Rule Civ. Proc. 55(c). When determining whether "good

---

[1] On March 22, 2022, the Court terminated Bennett's motion for a default judgment without prejudice pending the Court's resolution of Garland's motion to set aside the default. (*See* Order, ECF No. 208.)

[2] The Court concludes that it may resolve Garland's motion without a hearing. *See* E.D. Mich. Local Rule 7.1(f).

cause" exists, the Court considers three factors: "whether (1) the default was willful, (2) a set-aside would prejudice plaintiff, and (3) the alleged defense was meritorious." *Dassault Systemes, SA v. Childress*, 663 F.3d 832, 838-39 (6th Cir. 2011). Because "[d]efaults are historically disfavored," the Court reviews these factors in light of the Sixth Circuit's long-standing "strong preference for trial[s] on the merits." *Marbly v. Dept. of Treasury*, 22 F. App'x 371, 372 (6th Cir. 2001) (citing *Shepard Claims Serv., Inc. v. William Darrah & Assoc.,* 796 F.2d 190, 194-95 (6th Cir. 1986)). *See also Dassault*, 663 F.3d at 841 (recognizing the Sixth Circuit's "general preference for judgments on the merits").

## II

Garland has shown "good cause" to set aside the default. First, Garland's default was not "willful." A "willful" default occurs where there is an "intentional failure" to file a responsive pleading. *Lacy v. Sitel Corp.*, 227 F.3d 290, 292 (5th Cir. 2000). As one district court has explained, "[c]ourts tend to view a default as 'willful' when the defendant shows contempt for the court's procedure or an effort to evade the court's authority." *Shaw v. 500516 N.B. Ltd.*, 668 F.Supp.2d 237, 247 (D. Me. 2009). Here, Garland is unsophisticated in the law, and Bennett has not persuaded the Court that she willfully chose to avoid responding to the Fourth Amended Complaint or deliberately attempted to "evade the Court's authority." *Id.* As Garland explained in a sworn affidavit, she is the sole wage-earner in her family,

3

she "routinely" had to work two jobs since 2013 in order to support her family, she had to work substantial additional hours as a nurse due to nature of the COVID-19 pandemic, she contracted COVID-19 early in the pandemic and was ill for several months, she had to care for her husband who suffered from a more-serious case of COVID-19, and her early attempts to hire an attorney were unsuccessful. (Garland Aff. at ¶¶ 21-41, ECF No. 206-8, PageID.3257-3260.) Moreover, Garland says that she was not served with several important filings in this case, including but not limited to Bennett's motion for a default against her, the Court's order granting that motion, and the Clerk's entry of a default, which led her to believe that Bennett was no longer pursuing his claims against her. (*See id.* at ¶¶ 42-43, 54, PageID.3260-3261.) Bennett has neither disputed Garland's contention that she was not served these filings nor provided any evidence that he served Garland with them. (*See* Bennett Resp., ECF No. 210.) Under these circumstances, the Court concludes that Garland's failure to appear was not "willful."

Next, Garland has presented several potential meritorious defenses to Bennett's claims. For example, she has made a facially-plausible argument that Bennett's claims against her are barred by the applicable statute of limitations. (*See* Mot., ECF No. 206, PageID.3104-3107.) She has also presented evidence that her interactions with Bennett were "limited," and she has reasonably argued that Bennett cannot show that she violated his constitutional or statutory rights given her very

4

limited contact with him. (*Id.*, PageID.3107-3116.) Finally, the Court recently granted judgment in favor of several other Defendants in this case on the basis that Bennett had failed to exhaust his administrative remedies against them prior to filing this action (*see* Order, ECF No. 209), and that defense may apply equally to Garland. Given these potentially meritorious defenses – which Bennett did not address or contest in his response to Garland's motion (*see* Bennett Resp., ECF No. 210) – the Court concludes that this factor weighs in favor of setting aside the default.

Finally, Bennett has not shown that he would suffer any unfair prejudice if the Court set aside the default. Indeed, he has not even attempted to show in response to Garland's motion that he would suffer such unfair prejudice. Moreover, "[t]here is no prejudice to the plaintiff where the setting aside of [a] default" does no more than "require [the plaintiff] to prove [his] case. […] All that ... has been done is to give the defendant[ her] day in court." *Lacy*, 227 F.3d at 293 (internal punctuation and citation omitted). The only prejudice that Bennett could arguably suffer from the setting aside of the default would be the incurring of costs and expenses if the Court permitted Garland to take discovery that is duplicative of the substantial discovery already taken by the other parties. But the Court can – and will – eliminate that potential prejudice by precluding Garland from taking any discovery of her own. The Court concludes that barring her from taking discovery is an appropriate condition of setting aside the default. Doing so strikes the proper balance between

5

Garland's interest in having the claims against her decided on the merits and Bennett's interest in avoiding duplicative discovery.

Accordingly, for all of the reasons explained above, the Court **GRANTS** Garland's motion to set aside the default entered against her (ECF No. 206). That default (ECF No. 177) is hereby **SET ASIDE**. However, the Court will not permit Garland to take any additional discovery. But the Court will permit Bennett to take Garland's deposition. If he wishes to do so, he shall complete the taking of her deposition by **May 16, 2022**. If Garland wishes to file a summary judgment motion, she shall do so by no later than **June 16, 2022**.

    **IT IS SO ORDERED**.

                                                     s/Matthew F. Leitman
                                                     MATTHEW F. LEITMAN
                                                     UNITED STATES DISTRICT JUDGE

Dated:  April 11, 2022

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on April 11, 2022, by electronic means and/or ordinary mail.

                                                     s/Holly A. Ryan
                                                     Case Manager
                                                     (313) 234-5126