UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT,

    Plaintiff,

vs

MICHIGAN DEPARTMENT OF CORRECTIONS; HEIDI WASHINGTON; JOE BARRETT; SHIRLEY HARRY; JEFF WOODS; CONNIE HORTON; ISAAC ALEXIS, M.D.; CHRISTINE AUSMUS, R.N.; LATOYA CAULFORD; JUDY CRISENBERY, R.N.; ALLINE CURTIS, R.N.; KAY GARLAND, R.N. QUINN LAFLEUR, P.A.; MARGUERITE WALKER; SHERRI WINTER, L.P.N.; DAVID WRIGHT, D.O.; and LISA WURMLINGER, R.N.

    Defendant.

Case No: 2:15-cv-14465

Hon. Matthew F. Leitman

**RN GARLAND'S MOTION FOR SUMMARY JUDGMENT DUE TO FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

---

CARLA D. AIKENS (P69530)
CONNOR B. GALLAGHER (P82104)
Attorneys for Plaintiff
615 Griswold Street, Suite 709
Detroit, Michigan 48226
844-835-2993 (fax 877-454-1680)
carla@aikenslawfirm.com
connor@aikenslawfirm.com

JOHN L. THURBER (P44989)
SARAH R. ROBBINS (P81944)
Mich Dept of Atty Gen
Attorneys for Defendant MDOC
P.O. Box 30754
Lansing, MI 48909
517-335-7573 (fax 517-335-7578)
sorosa@michigan.gov

JAMES T. MELLON (P23876)
DAVID A. KOWALSKI (P71179)
Mellon Pries Kowalski, P.C.
Attorney for Def Garland, RN
2150 Butterfield Drive, Ste. 100
Troy, MI 48084-3427
248-649-1330 (fax 248-649-1622)
jmellon@mellonpries.com

MELLON PRIES KOWALSKI, P.C.
2150 BUTTERFIELD DR. STE. 100, TROY, MI 48084-3427
248-649-1330

## RN GARLAND'S MOTION FOR SUMMARY JUDGMENT DUE TO FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

NOW COMES Defendant KAY GARLAND, RN ("RN Garland"), by and through her attorneys Mellon Pries Kowalski, P.C., and for her Motion for Summary Judgment Due to Failure to Exhaust Administrative Remedies, states:

1. Pursuant to L.R. 7.1(a), prior to filing this Motion, Counsel for RN Garland sought concurrence in the relief sought, but concurrence was not obtained; Plaintiff's Counsel did admit that she "understand[s] the judge may grant it." (**Exhibit A**, pp. 1-2)

2. A prisoner is required to exhaust administrative remedies prior to commencing a suit for events occurring with a prison setting.

3. The administrative remedies for Michigan Department of Corrections ("MDOC") facilities include filing a grievance, and appealing through Step III, as well as naming the individuals involved in the grievance.

4. Plaintiff has failed to complete any grievance through to Step III, and even the grievances filed which were not completed do not name RN Garland. (**Exhibit B**; **Exhibit C**).

5. This Court has already held a bench trial on the issue of exhaustion as to the Co-Defendants. (**Dkt. 196**).

6. Following the bench trial, this Court dismissed Plaintiff's claims against the Co-Defendants for failure to exhaust. (**Dkt. 209**).

7. On 03/22/2022, this Court held a hearing regarding issues related to the default which had been entered against RN Garland; the default has since been set aside.

8. At the hearing on 03/22/2022, this Court inquired of Plaintiff's Counsel whether RN Garland would be differently situated than any other defendant as to the exhaustion of remedies issue over which the court already held a bench trial.

9. At the hearing on 03/22/2022, Plaintiff's Counsel indicated that she was not sure, but it would not appear that RN Garland was differently situated relative to the exhaustion of remedies issue.

10. Plaintiff has failed to exhaust his administrative remedies as to RN Garland.

WHEREFORE, for all these reasons, and for those in the accompanying Brief, RN Garland requests this Honorable Court enter an order dismissing her from this action, with prejudice, based upon Plaintiff's failure to exhaust administrative remedies.

MELLON PRIES KOWALSKI, P.C.
2150 BUTTERFIELD DR. STE. 100, TROY, MI 48084-3427
248-649-1330

                                    MELLON PRIES KOWALSKI, P.C.

                                    BY: /s/David A. Kowalski (P71179)
                                         DAVID A. KOWALSKI (P71179)
                                         Attorney for Def. RN Garland
                                         2150 Butterfield Dr., Ste. 100
                                         Troy, MI 48084-3427
                                         (248) 649-1330
                                         jmellon@mellonpries.com

DATED: April 15, 2022

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT,

        Plaintiff,

vs

MICHIGAN DEPARTMENT OF
CORRECTIONS; HEIDI WASHINGTON; JOE
BARRETT; SHIRLEY HARRY; JEFF WOODS;
CONNIE HORTON; ISAAC ALEXIS, M.D.;
CHRISTINE AUSMUS, R.N.; LATOYA
CAULFORD; JUDY CRISENBERY, R.N.;
ALLINE CURTIS, R.N.; KAY GARLAND, R.N.
QUINN LAFLEUR, P.A.; MARGUERITE
WALKER; SHERRI WINTER, L.P.N.;
DAVID WRIGHT, D.O.; and LISA
WURMLINGER, R.N.

        Defendant.

Case No: 2:15-cv-14465

Hon. Matthew F. Leitman

**BRIEF IN SUPPORT OF RN GARLAND'S MOTION FOR SUMMARY JUDGMENT DUE TO FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES**

---

| | |
|---|---|
| CARLA D. AIKENS (P69530) | JOHN L. THURBER (P44989) |
| CONNOR B. GALLAGHER (P82104) | SARAH R. ROBBINS (P81944) |
| Attorneys for Plaintiff | Mich Dept of Atty Gen |
| 615 Griswold Street, Suite 709 | Attorneys for Defendant MDOC |
| Detroit, Michigan 48226 | P.O. Box 30754 |
| 844-835-2993 (fax 877-454-1680) | Lansing, MI 48909 |
| carla@aikenslawfirm.com | 517-335-7573 (fax 517-335-7578) |
| connor@aikenslawfirm.com | sorosa@michigan.gov |
| | |
| | JAMES T. MELLON (P23876) |
| | DAVID A. KOWALSKI (P71179) |
| | Mellon Pries Kowalski, P.C. |
| | Attorney for Def Garland, RN |
| | 2150 Butterfield Drive, Ste. 100 |
| | Troy, MI 48084-3427 |
| | 248-649-1330 (fax 248-649-1622) |
| | jmellon@mellonpries.com |

MELLON PRIES KOWALSKI, P.C.
2150 BUTTERFIELD DR. STE. 100, TROY, MI 48084-3427
248-649-1330

# BRIEF IN SUPPORT OF RN GARLAND'S MOTION FOR SUMMARY JUDGMENT DUE TO FAILURE TO EXHAUST ADMINISTRATIVE REMEDIES

## TABLE OF CONTENTS

CONTROLLING OR MOST APPROPRIATE AUTHORITY ............................... iii

STATEMENT OF THE ISSUES PRESENTED ........................................................v

STATEMENT OF FACTS ...................................................................................1

STANDARD OF REVIEW ..................................................................................3

ARGUMENT .......................................................................................................5

CONCLUSION ....................................................................................................7

CERTIFICATE OF SERVICE ...............................................................................8

MELLON PRIES KOWALSKI, P.C.
2150 BUTTERFIELD DR., STE. 100, TROY, MI 48084-3427
248-649-1330

# CONTROLLING OR MOST APPROPRIATE AUTHORITY

**Federal Authority:**

Fed. R. Civ. P. 12(b)(6)

Fed. R. Civ. P. 56(c)

Fed. R. Civ. P. 56(e)

42 U.S.C. 1997e(a)

*Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986)

*Bell Atlantic Corp. v. Twombley*, 550 U.S. 544 (2007)

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986)

*Directv, Inc. v. Treesh*, 487 F.3d 471 (6th Cir. 2007)

*Does 8-10 v. Snyder*, 945 F.3d 951 (6th Cir. 2019)

*Freeman v. Francis*, 196 F.3d 641 (6th Cir. 1999)

*Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433 (6th Cir. 2000)

*Jones v Bock*, 549 U.S. 199 (2007)

*Kendall v. Hoover Co.*, 751 F.2d 171 (6th Cir. 1984)

*Kitchen v. Snyder*, No. 20-1936, 2021 WL 4470032 (6th Cir. June 23, 2021) (**Exhibit F**)

*Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)

*Porter v. Nussle*, 534 U.S. 516 (2002)

*Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434 (6th Cir.1988)

*Sullivan-El v. Pramstaller*, No. 05-74919, 2007 WL 2701949 (E.D. Mich. Sept. 11, 2007) **(Exhibit E)**

*Vandiver v. Corr. Med. Servs., Inc.*, 326 Fed. Appx. 885 (6th Cir. 2009)

*Woodford v. Ngo*, 548 U.S. 81 (2006)

# STATEMENT OF THE ISSUES PRESENTED

I. Should Plaintiff's Claims as to RN Garland be Dismissed Due to His Failure to Exhaust Administrative Remedies?

      RN Garland says: "Yes."
      Plaintiff will say: "No."

## STATEMENT OF FACTS

This Court has already held a bench trial on this issue as to Co-Defendants. **(Dkt. 196)**. Following that bench trial, the Court dismissed the allegations against Co-Defendants due to Plaintiff's failure to exhaust administrative remedies. **(Dkt. 209)**. On 03/22/2022, this Court held a hearing regarding issues related to the default which had been entered against RN Garland; the default has since been set aside. At the hearing on 03/22/2022, this Court inquired of Plaintiff's Counsel whether RN Garland would be differently situated than any other defendant as to the exhaustion of remedies issue over which the court already held a bench trial. Plaintiff's Counsel responded that she was not sure, but that it would appear that RN Garland is similarly situated.

This is a civil rights action originally filed pro se under 42 U.S.C. 1983 by Plaintiff, Carl Bennett, who was a prisoner incarcerated in the Michigan Department of Corrections ("MDOC"). Plaintiff's incarceration began 12/11/2013, and he was released from prison on 03/21/2017, during the pendency of this case. **(Dkt. 65-2)**. The administrative process applicable to Plaintiff's claims is governed by MDOC Policy Directive 03.02.130 "Prisoner/Parolee Grievances" (Effective date 07/09/2007). The policy directive states, in pertinent part, as follows:

> E.  Grievances may be submitted regarding alleged violations of policy or procedure or unsatisfactory conditions of confinement which directly affect the

Mellon Pries Kowalski, P.C.
2150 Butterfield Dr. Ste. 100, Troy, MI 48084-3427
248-649-1330

1

grievant, including alleged violations of this policy and related procedures.

[* * *]

P. Prior to submitting a written grievance, the grievant shall attempt to resolve the issue with the staff member involved within two business days after becoming aware of a grievable issue, unless prevented by circumstances beyond his/her control or if the issue falls within the jurisdiction of the Internal Affairs Division in Operations Support Administration. If the complaint is not resolved, the grievant may file a Step I grievance. The Step I grievance must be filed within five business days after the grievant attempted to resolve the issue with staff.

[* * *]

R. A grievant shall use the Prisoner/Parolee Grievance form (CSJ-247A) to file a Step I grievance; a Prisoner/Parolee Grievance Appeal form (CSJ-247B) shall be used to file a Step II or Step III grievance. The forms may be completed by hand or by typewriter however, handwriting must be legible. The issues shall be stated briefly but concisely. Information provided shall be limited to the facts involving the issue being grieved (i.e., who, what, when, where, why, how). Dates, times, places and names of all those involved in the issue being grieved are to be included.

[* * *]

V. Within five business days after attempting to resolve a grievable issue with staff, a grievant may send a completed Prisoner/Parolee Grievance form (CSJ-247A) to the Step I Grievance Coordinator

2

designated for the facility, field office or other office being grieved.

(**Exhibit D**).

Plaintiff has not filed any grievance naming RN Garland. (**Exhibit B**). Furthermore, he has not completed any grievance through to Step III. (**Exhibit C**). Finally, prior to filing any grievance, Plaintiff never attempted to resolve any issue with RN Garland directly, as RN Garland's only involvement with Plaintiff's care was a phone call with an outside medical provider on 01/24/2014. (**Dkt. 206-8**, Pg ID 3256, ¶¶12-14). In further evidence of the lack of any effort to resolve issues prior to filing a grievance, RN Garland never met Plaintiff while she worked for an MDOC contractor. (*Id.* at Pg ID 3257, ¶17).

## STANDARD OF REVIEW

A motion made pursuant to Fed. R. Civ. P 12(b)(6) tests "whether a cognizable claim has been pleaded in the complaint. *Scheid v. Fanny Farmer Candy Shops, Inc.*, 859 F.2d 434, 436 (6th Cir.1988). A motion to dismiss should be granted where "plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Directv, Inc. v. Treesh*, 487 F.3d 471, 476 (6th Cir. 2007). The Court is to accept Plaintiff's factual allegations as true and draw reasonable inferences in the Plaintiff's favor. *Id*. But, "[a] plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v.*

3

*Twombley*, 550 U.S. 544, 555 (2007). Furthermore, "[l]egal conclusions or unwarranted factual inferences" are not to be accepted as true. *Gregory v. Shelby Cty., Tenn.*, 220 F.3d 433, 446 (6th Cir. 2000). The right to relief must rise above the level of speculation. *Bell Atlantic Corp.*, 550 U.S. at 555.

Summary judgment "should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). It properly enters "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). If a reasonable jury could not find in favor of the non-movant, summary judgment should be entered. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986). A fact is "material" where proof of that fact "would have [the] effect of establishing or refuting one of the essential elements of a cause of action or defense asserted by the parties." *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). The movant must inform the court of the basis for its motion and identify the portions of the pleadings and discovery, together with the affidavits to demonstrate the absence of a genuine issue of material fact. *Celotex Corp.*, 477 U.S. at 323. The non-movant "must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 250 (quoting Fed. R. Civ. P. 56(e)).

Simply showing "that there is some metaphysical doubt as to the material facts" is insufficient to create a genuine issue of material fact. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). Rather "the nonmoving party [is required] to go beyond the [unverified] pleadings" and present some type of evidentiary material in support of its position. *Celotex Corp.*, 477 U.S. at 324.

## ARGUMENT

The PLRA was enacted to "[r]educe the quantity and improve the quality of prisoner suits." *Porter v. Nussle*, 534 U.S. 516, 524 (2002). To this end, the PLRA requires a prisoner to exhaust all administrative remedies prior to commencing an action in Federal court. That provision states:

> No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted.

42 U.S.C. § 1997e(a).

"Failure to exhaust [under the PLRA] is an affirmative defense." *Does 8-10 v. Snyder*, 945 F.3d 951, 961 (6th Cir. 2019). The Supreme Court has held that exhaustion requires proper exhaustion, which means that the prisoner must complete the administrative review process. *Woodford v. Ngo*, 548 U.S. 81 (2006). "The plain language of the statute makes exhaustion a precondition to filing an action in federal court." *Porter*, 534 U.S. at 523 (2002); *Freeman v. Francis*, 196 F.3d 641, 645 (6th

5

Cir. 1999). "There is no question that exhaustion is mandatory under the PLRA and that unexhausted claims cannot be brought in court." *Jones v Bock*, 549 U.S. 199, 211 (2007) (citing *Porter*, 534 U.S. at 524). The Supreme Court has held that "to properly exhaust administrative remedies prisoners must 'complete the administrative review process in accordance with the applicable procedural rules.'" *Jones*, 549 U.S. at 218 (quoting *Woodford v. Ngo*, 548 U.S. 81 (2006)). The "applicable procedural rules":

> are defined not by the PLRA, but by the prison grievance process itself. Compliance with prison grievance procedures, therefore, is all that is required by the PLRA to "properly exhaust." The level of detail necessary in a grievance to comply with the grievance procedures will vary from system to system and claim to claim, but it is the prison's requirements, and not the PLRA, that define the boundaries of proper exhaustion.

*Jones*, 549 U.S. at 218.

In *Sullivan-El v. Pramstaller*, the court determined that the plaintiff had failed to properly exhaust his administrative remedies pursuant to MDOC policy, where he did not name the individual defendants, but stated "Health Services at NRF." *Sullivan-El v. Pramstaller*, No. 05-74919, 2007 WL 2701949, at *2-3 (E.D. Mich. Sept. 11, 2007) (**Exhibit E**). Furthermore, the grievance process applies to MDOC employees and contractors, alike. *Kitchen v. Snyder*, No. 20-1936, 2021 WL 4470032, at *4 (6th Cir. June 23, 2021) (**Exhibit F**) (citing *Vandiver v. Corr. Med. Servs., Inc.*, 326 Fed. Appx. 885, 889-90 (6th Cir. 2009)).

6

Plaintiff was required to attempt to work any issue out with RN Garland prior to filing a grievance. (**Exhibit D**, p. 3). He did not do so. He was to include "names of all those involved." (***Id.*** at p. 4). Plaintiff never named RN Garland. (**Exhibit B**). Furthermore, Plaintiff was to complete the grievance process through Step III. (**Exhibit D**, p. 4). Plaintiff did not do so. (**Exhibit C**). If a prisoner proceeds "completely through Step III" and receives a decision on the merits of his grievance, the prisoner's "administrative remedies are [] exhausted." (**Dkt. 196**, Pg ID 2854.).

This Court has already held a bench trial on this matter and determined that the grievance process was available to Plaintiff, and that he failed to exhaust his administrative remedies. (**Dkt. 209**, Pg ID 3285-86). This Court rejected Plaintiff's contention that the MDOC grievance procedure was not available to him. (***Id.*** at Pg ID 3286-91, 3293-97). The Court found that Plaintiff did not complete the grievance process through to Step III. (***Id.*** at Pg ID 3297-3300). As a result of this evidence, the Court found a failure to exhaust, and dismissed. (***Id.*** at Pg ID 3301-02). RN Garland is situated no differently, and is equally entitled to dismissal due to Plaintiff's failure to exhaust.

## **CONCLUSION**

For all these reasons, and for those in the accompanying Motion, RN Garland requests this Honorable Court enter an order dismissing her from this action, with prejudice, based upon Plaintiff's failure to exhaust administrative remedies.

MELLON PRIES KOWALSKI, P.C.

BY: /s/David A. Kowalski (P71179)
    DAVID A. KOWALSKI (P71179)
    Attorney for Def. RN Garland
    2150 Butterfield Dr., Ste. 100
    Troy, MI  48084-3427
    (248) 649-1330
    jmellon@mellonpries.com

DATED:  April 15, 2022

### CERTIFICATE OF SERVICE

I hereby certify that on April 15, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to all attorneys of record and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: NONE

MELLON PRIES KOWALSKI, P.C.

BY: /s/David A. Kowalski (P71179)
    DAVID A. KOWALSKI (P71179)
    Attorney for Def. RN Garland
    2150 Butterfield Dr., Ste. 100
    Troy, MI  48084-3427
    (248) 649-1330
    jmellon@mellonpries.com