UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

Case No. 15-cv-14465
Hon. Matthew F. Leitman

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION (ECF No. 216)

Plaintiff Carl Bennett was previously a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Bennett says that the Defendants violated his constitutional and statutory rights by, among other things, failing to provide him necessary medications while he was in MDOC custody. (*See* Fourth Am. Compl., ECF No. 121.) Defendants (except for Defendant Kay Garland) sought dismissal of Bennett's claims based on his failure to exhaust his available administrative remedies. The Court held a bench trial on that defense on November 18, 2021. (*See* 11/18/2021 Trial Tr., ECF No. 196.)

On March 29, 2022, the Court issued an order granting judgment in favor of Defendants (other than Defendant Garland) on their failure-to-exhaust defense and dismissing Bennett's claims against those Defendants. (*See* Order, ECF No. 209.)

On April 26, 2022, Bennett filed a motion for reconsideration of that decision. (*See* Mot., ECF No. 216.)  The Court ordered Defendants to respond to Bennett's motion (*see* Order, ECF No. 217), and Defendants have now done so. (*See* Def.s' Resps., ECF Nos. 223, 224.)

The Court has carefully reviewed Bennett's motion and Defendants' responses, and for the reasons explained below, the motion is **DENIED**.

## I

Bennett does not clearly identify the rule under which he seeks reconsideration. The portion of his motion that purports to set forth the governing legal standard provides:

> The Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration." In the Sixth Circuit, however, a timely motion so styled arguably may be "pursued either under Rule 59(e)-motion to alter or amend-or under Rule 60(b)-relief from judgment or order." *Peake v. First Nat. Bank and Trust Co. of Marquette*, 717 F.2d 1016, 1019 (6th Cir. 1983) (footnotes omitted); see also, *Feathers v. Chevron U.S.A., Inc.*, 141 F.3d 264, 268 (6th Cir. 1998).
>
> Under Fed. R. Civ. P. 59(e), a district court will reconsider a prior decision "if the moving party demonstrates: (1) a clear error of law; (2) newly discovered evidence that was not previously available to the parties; or (3) an intervening change in controlling law." *Owner Operator Indep. Drivers Ass'n, Inc. v. Arctic Exp., Inc.*, 288 F. Supp. 2d 895, 900 (S.D. Ohio 2003).

(Mot., ECF No. 216, PageID.3536.)

2

The Court will treat his motion as one brought under Rule 59(e). That is the only rule for which Bennett has cited a governing legal standard. And while Bennett also cited Rule 60(b) in passing, he did not specify which of the six sub-parts of that rule may provide a ground for relief. Under these circumstances, the motion is properly analyzed under Rule 59(e).[1]

## II

Bennett makes two primary arguments in his motion for reconsideration. The Court will consider each separately below. Neither basis persuades the Court to reconsider its order dismissing Bennett's claims against the Defendants (other than Defendant Garland).

## A

Bennett first argues that "the MDOC's administrative remedies were not available to [him]." (*Id.*, PageID.3543-3545.) Bennett says that he "detailed all of the ways that the administrative remedies were not available to him, particularly with respect to his many transfers, in his post-trial brief," and he insists that "[t]he Court should properly consider that the process was not available to him and should reinstate his claims." (*Id.*) These are the same arguments that Bennett has previously

---

[1] While the Federal Rules of Civil Procedure do not expressly provide for a "motion for reconsideration," this Court's local rules do provide for such a motion. *See* Local Rule 7.1(h). Bennett's motion does not cite nor purport to seek relief under that local rule. In any event, for the same reasons that Bennett is not entitled to relief under Rule 59(e), he is not entitled to rule under Local Rule 7.1(h).

3

presented to the Court. The Court fully considered those arguments when it issued its March 29 order, and it rejected them. Bennett has not shown any error in that determination. Nor has he identified any new facts or a change in the law that would require the Court to revisit that ruling. The Court therefore denies Bennett's motion for reconsideration to the extent that it is based on the alleged unavailability of his administrative remedies.

**B**

Bennett next argues that he was "not required to exhaust" his administrative remedies with respect at least some of the claims asserted in his Fourth Amended Complaint – the operative pleading in this action – because "he was no longer a prisoner" when he filed that pleading (the "No Longer a Prisoner Argument"). (*Id.*, PageID.3542.) The Court is not persuaded that Bennett is entitled to reconsideration on that basis.

Bennett raises the No Longer a Prisoner Argument far too late in the proceedings. A motion for reconsideration under Rule 59(e) is "not an opportunity to re-argue a case," and thus such a motion may not be used "to raise [new] arguments which could, and should, have been made" before the court ruled against the moving party. *Sault Ste. Marie v. Engler*, 146 F.3d 367, 374 (6th Cir. 1998). Accordingly, a district court properly denies a Rule 59(e) motion that is based upon an argument that the moving party should have presented before the court entered

the order or judgment that is the subject of the motion. *See id*. (affirming denial of motion for reconsideration under Federal Rule of Civil Procedure 59(e) where moving party "tardily" raised before district court the argument on which motion was based); *Leisure Caviar, LLC v. U.S. Fish and Wildlife Service*, 616 F.3d 612, (6th Cir. 2010) (affirming denial of plaintiff's motion under Rule 59 and explaining that "[a] plaintiff cannot use a Rule 59 motion (or for that matter a post-judgment Rule 15 motion) to raise arguments which could, and should, have been made before judgment issued") (internal quotation marks omitted). Here, Bennett could have and should have raised his No Longer a Prisoner Argument long before this Court entered its post-trial judgment against Bennett on the basis that he failed to exhaust his claims. More specifically, he failed to raise that argument in response to the Defendants' motion to dismiss based upon his failure to exhaust, failed to raise the argument prior to the bench trial on the failure-to-exhaust defense, and failed to raise the argument in the post-trial brief that the Court permitted him to file. The Court and the parties have spent substantial time and resources resolving the merits of Defendants' failure-to-exhaust defense, and now, after all that work has been done and a final ruling issued, the Court will not permit Bennett to raise the No Longer a Prisoner Argument for the very first time.

5

## III

For all of the reasons explained above, Bennett's motion for reconsideration (ECF No. 216) is **DENIED.**

s/Matthew F. Leitman  
MATTHEW F. LEITMAN  
UNITED STATES DISTRICT JUDGE

Dated:  June 1, 2022


I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on June 1, 2022, by electronic means and/or ordinary mail.

s/Holly A. Ryan  
Case Manager  
(313) 234-5126