UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

CARL BENNETT,

    Plaintiff,

v.

MICHIGAN DEPARTMENT OF
CORRECTIONS, *et al.*,

    Defendants.

Case No. 15-cv-14465
Hon. Matthew F. Leitman

_____/

**AMENDED ORDER[1] (1) DISMISSING PLAINTIFF'S CLAIMS AGAINST DEFENDANT KAY GARLAND AND (2) TERMINATING DEFENDANT GARLAND'S MOTIONS TO DISMISS AND/OR FOR SUMMARY JUDGMENT (ECF Nos. 214, 215) AS MOOT**

Plaintiff Carl Bennett was previously a state inmate in the custody of the Michigan Department of Corrections (the "MDOC"). In this action, Bennett says that the Defendants violated his constitutional and statutory rights by, among other things, failing to provide him necessary medications while he was in MDOC custody. (*See* Fourth Am. Compl., ECF No. 121.)

---

[1] This order amends a typographical error in the Court's initial order. It includes no substantive revisions to that order.

1

Bennett's Fourth Amended Complaint is the operative pleading in this action. In that pleading, Bennett named as Defendants the MDOC and several doctors, nurses, and other individuals that he says had responsibility for his medical care. (*See id.*) In the Fourth Amended Complaint, Bennett brought the following claims:

- Violation of the Eighth and Fourteenth Amendments (Count I);
- Violation of the federal Americans with Disabilities Act (Count II);
- Violation of the federal Rehabilitation Act (Count III);
- Violation of Michigan's Persons with Disabilities Civil Rights Act (Count IV); and
- Negligent Infliction of Emotional Distress (Count V).

On March 29, 2022, the Court issued an order granting judgment in favor of all Defendants except for Defendant Kay Garland. (*See* Order, ECF No. 209.) Thus, Garland is the only Defendant remaining in this action. During an on-the-record status conference held on September 9, 2022, counsel for Bennett confirmed that only Counts I, IV, and V of the Fourth Amended Complaint are directed at Garland.

Garland is mentioned in only 3 paragraphs of Bennett's 147 paragraph Fourth Amended Complaint. Those allegations, in their entirety, are as follows:

> 28. Defendant Kay Garland, R.N., upon information and belief, is a registered nurse with MDOC and is responsible for providing care to inmates.

> 29. At all times relevant to this Complaint, Nurse Garland was acting under the color of state and federal laws, and was responsible for knowing and acting in accordance with all policies, procedures, orders, special orders, general orders, guidelines and regulations in effect at MDOC, while upholding their duties of care to inmates at MDOC.
>
> [….]
>
> 93. Upon information and belief, for at least the period of January of 2014, in the acute time period leading up to and following Plaintiff's heart surgery when his medication was arguably most critical, Defendant Kay Garland, R.N., was responsible for ensuring for ensuring that Plaintiff received the following reasonable accommodations for his medical conditions while incarcerated, and failed to provide him with care, including but not limited to the following: a. Ensuring Plaintiff received necessary medication; and b. Responding to Plaintiff's medical concerns.

(Fourth Am. Compl. at ¶¶ 28-29, 93, ECF No. 121, PageID.1655, 1664.)

The Court has carefully reviewed Bennett's allegations, and, on its own motion, it concludes that Bennett has not plausibly alleged a constitutional violation against Garland in Count I of the Fourth Amended Complaint. In that Count, Bennett alleges that Garland was deliberately indifferent to his serious medical needs. Such a claim "has two components, one objective and one subjective." *Rouster v. County of Saginaw*, 749 F.3d 437, 446 (6th Cir. 2014). "The objective component requires the existence of a 'sufficiently serious' medical need." *Jones v. Muskegon Cty.*, 625 F.3d 935, 941 (6th Cir. 2010) (quoting *Farmer v. Brennan*, 511 U.S. 825, 834 (1994)). The subjective component requires 'an inmate to show that

prison officials have 'a sufficiently culpable state of mind in denying medical care.'" *Id.* (quoting *Blackmore v. Kalamazoo Cty.*, 390 F.3d 890, 895 (6th Cir. 2004)). "Officials have a sufficiently culpable state of mind where officials act with 'deliberate indifference' to a serious medical need." *Id.* (quoting *Farmer*, 511 U.S. at 834). "Under this standard, 'the plaintiff must show that each defendant acted with a mental state 'equivalent to criminal recklessness.'" *Griffith v. Franklin Cty., Ky.*, 975 F.3d 554, 568 (6th Cir. 2020) (quoting *Rhinehart v. Scutt*, 894 F.3d 721, 738 (6th Cir. 2018)). "This showing requires proof that each defendant 'subjectively perceived facts from which t/o infer substantial risk to the prisoner, that he did in fact draw the inference, and that he then disregarded that risk' by failing to take reasonable measures to abate it." *Id.* (quoting *Comstock v. McCrary,* 273 F.3d 693, 703 (6th Cir. 2001)).

Here, Bennett has not plausibly alleged that Garland had a "sufficiently culpable state of mind." Indeed, his allegations say nothing about her mental state. Nor has Bennett plausibly alleged that Garland consciously "disregarded" a "substantial risk" to his health. For all of these reasons, and the reasons explained on the record during a September 9, 2022, status conference, the Court **DISMISSES** Bennett's claim against Garland in Count I of the Fourth Amended Complaint. This *sua sponte* dismissal is appropriate because during the September 9 on-the-record status conference, the Court gave Bennett's counsel notice that it was inclined to

4

dismiss on this basis and asked counsel whether Bennett could plead any additional facts in support of the claim against Garland in Count I. *See O'Lear v. Miller*, 222 F.Supp.2d 862, 864 (E.D. Mich. 2002) ("The Court has the power to dismiss a complaint *sua sponte* pursuant to Rule 12(b)(6), provided that the plaintiffs have been given adequate notice and an opportunity to amend."). Bennett's counsel candidly acknowledged that she is not in a position to plead any additional facts.

Likewise, the Court **DISMISSES** Bennett's negligent infliction of emotional distress claim against Garland found in Count V of the Fourth Amended Complaint. As Bennett candidly admits, Michigan law does not recognize that claim based on the injuries Bennett alleges he suffered here. (*See* Mot. to Dismiss at ¶¶ 16-20, ECF No. 214, PageID.3405; Bennett Resp. to Mot. to Dismiss at ¶¶ 16-20, ECF No. 218, PageID.3552-3553.)

Thus, the only remaining claim against Garland is Bennett's claim in Count IV that Garland violated Michigan's Persons with Disabilities Civil Rights Act (the "PWDCRA"). Because the Court has dismissed Bennett's sole remaining federal claim, the Court concludes that the best course of action is to decline supplemental jurisdiction over the PWDCRA claim and to permit a state court to resolve the claim. *See Moon v. Harrison Piping Supply*, 465 F.3d 719, (6th Cir. 2006) ("[A] federal court that has dismissed a plaintiff's federal-law claims should not ordinarily reach the plaintiff's state-law claims"). The Court will therefore **DISMISS** Bennett's

PWDCRA claim against Garland in Count V **WITHOUT PREJUDICE**. The Court acknowledges that Garland has raised several defenses to the PWDCRA claim, including both the failure to exhaust and the expiration of the applicable statute of limitations, but for the reasons explained on the record during the September 9, 2022, status conference, the Court leaves those defenses to be adjudicated by a state court.

Accordingly, for the reasons explained above, and the reasons explained during the September 9, 2022, status conference, **IT IS HEREBY ORDERED AS FOLLOWS:**

- Bennett's claims against Garland in Counts I and IV of the Fourth Amended Complaint are **DISMISSED WITH PREJUDICE**;

- Bennett PWDCRA claim against Garland in Count V of the Amended Complaint is **DISMISSED WITHOUT PREJUDICE**; and

- In light of the Court's resolution of Bennett's claims against Garland, the Court **TERMINATES WITHOUT PREJUDICE AS MOOT** (1) Garland's motion to dismiss (ECF No. 214) and (2) Garland's motion for summary judgment (ECF No. 215).

**IT IS SO ORDERED**.

s/Matthew F. Leitman
MATTHEW F. LEITMAN
UNITED STATES DISTRICT JUDGE

Dated:  September 9, 2022

      I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on September 9, 2022, by electronic means and/or ordinary mail.

                                      s/Holly A. Ryan  
                                      Case Manager  
                                      (313) 234-5126